ANNIS S. HUMPHREYS v. TRUMAN D. KEITH.

1. PARTIES; *Distributees may Sue in their own Names.* Where all the debts due from an estate have been paid, and a final settlement made and approved by the probate court, the distributees can maintain an action in their own name upon a note given to the intestate and uncollected by the administrator.

2. ———— If only one of the distributees brings the action, and no objection on that account is raised by demurrer or answer, the defect is waived.

*Error from Franklin District Court.*

HUMPHREYS sued *Keith* on a promissory note. The district court, at the December Term 1871, held that plaintiff was not the party in interest, and could not for that reason recover, and gave judgment for defendant for costs. The plaintiff brings the case here on error. The facts are fully stated in the opinion of the court.

*D. W. Hoffman,* for plaintiff in error:

1. Giving the broadest and most favorable construction to defendant's answer, taken with the evidence in the case, it can mean no more than this: "The plaintiff does not own this note. It belongs to the heirs of Seth Taylor — who are three children beside the widow, (the plaintiff.) These heirs ought *all* to be made parties. If the estate is not settled, an administrator should be a party." This is as broad as the defendant can put it. But if he had averred all this, his answer would still be faulty and insufficient, in that it did not state that the defendant had some defense to the note as against the other parties which he alleges have an interest in the note. He must show that he has a defense against them which he cannot make against the plaintiff. He must have an interest in having them made parties, or show that he is prejudiced by the non-joinder. 2 Estee's Pl., 622; 14 How. Pr., 460; 14 Abb. Pr., 280; 28 Barb., 602; 30 How. Pr., 271; 5 Cal., 16.

If plaintiff's title is free from *mala fides,* and good against

*him*, the defendant has no interest in looking beyond that. If *he* is protected, that is all he can ask. The courts do not approve of his volunteering to protect the interests of others, especially when his efforts tend to assist him in escaping the payment of his debt. 15 Wend., 640; 29 N. Y., 554; 36 N. Y., 473.

2. The foregoing view of defendant's answer is taken in connection with the fact admitted that there are other heirs. But the defendant is not entitled to even this favor. Nowhere in the whole proceeding has he objected, or raised the point that there was a defect of parties. If that fact appears in the petition, he could have demurred. If not in the petition, he could have alleged it in his answer. Or he could have called the attention of the court to the fact that other parties were necessary to a complete determination of this suit; and had the court so considered them, they would have been made parties. He has done none of these things. He has therefore waived his right to object, and cannot argue to this court that there is a defect of parties. Code, § 91; 48 N. Y., 321.

3. If plaintiff had *any* beneficial interest in the proceeds, she may sue. 47 N. Y., 345; 3 Kas., 295; 1 Estee's Pleadings, 92, § 112; 2 Keyes, 486. The holder of a note who legally has its possession and is entitled to receive its payment, is the proper plaintiff in its prosecution, without reference to the party who may ultimately be entitled to a participation in its proceeds. The plaintiff's interest as a creditor clearly appears. She holds the note in good faith. She did not get possession of it fraudulently. Whether she got hold of it regularly or irregularly the defendant cannot inquire. He is protected in paying to her, and that is all he can ask. With the authority of the probate court to make the order for plaintiff to retain the note, he has nothing whatever to do. But aside from her title by reason of her claim against the estate and the order of the probate court, she as the widow and heir of the defendant is entitled to one-half the proceeds of said note. All the debts are paid. The remaining assets then belong to the heirs, of which she is one. That is suffi-

cient interest to enable plaintiff to maintain the action in her own name, and without joining others. 5 Wend., 257.

*H. P. Welsh*, for defendant in error:

1. The only question before the court for determination is, upon the facts admitted upon the trial, whether the plaintiff had a legal cause of action against the defendant. The court found from the evidence that the said plaintiff in error had no cause of action against the defendant; and there is nothing before this court in the way of testimony to show that the court below erred in that opinion.

2. The question as to the sufficiency of the answer was not raised in the court below, and is not a question before the court.

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought suit on a promissory note executed by defendant, and payable to Seth Taylor or order. After the execution of the note Seth Taylor died, leaving as his heirs the plaintiff, his widow, and three children by a former wife. Plaintiff was appointed administratrix, and settled the estate, paying all the debts except one due and allowed to herself. She made a final settlement which was approved. In her statement for final settlement she reported this note uncollectible on account of the then insolvency of defendant. The probate court, after finding that all the claims but hers had been paid, and approving the final settlement, made this order: "The court therefore orders that the note against Truman D. Keith be retained in the hands of said administratrix to be collected if possible and applied upon her said account, and the surplus, if any, reported to this court." The balance due plaintiff from the estate on her allowance was about double the amount due on the note. No question was made as to the validity of the note, and the only point to be decided was as to plaintiff's right to recover. The district court decided against her, and she here alleges error. If the order quoted was one within the power of the probate

court to make, then the full title to the note was transferred to her; she was entitled to all the proceeds, and was the real and only party in interest, and the only party authorized to sue. If the order was *ultra vires*, and of no force, then, the final settlement of the estate having been approved, and the debts, except hers, all paid, she has as one of the distributees, an interest in the note, and though that be only a half-interest, still it is enough to enable her to maintain this action. *Dean v. Hewitt*, 5 Wend., 257. If there be a defect of parties, in that all the distributees are not joined as plaintiffs, it is waived because not raised by demurrer or answer. Code, § 91. The judgment of the district court is reversed.

All the Justices concurring.