HERMAN MARKSON, *as Administrator, &c.*, v. F. KOTHMAN.

1. MATTERS OF DEFENSE, *Failure to Plead.*  Where matters of defense, tending to establish the release and discharge of the claim sued on, exist prior to the trial, and the defendant fails to set them up in his answer or by supplemental pleadings, and no excuse is given for such omission or neglect, the trial court rendering the judgment commits no error in refusing, after the rendition of the judgment in favor of the plaintiff, to allow the defendant to attempt to establish by affidavits that the claim was paid and settled before the trial.

2. FACTS STATED; *Judgment Properly Entered.*  On January 5, 1874, K. owned a promissory note given by M. to K., which note was then due. On that day K. commenced an action against M. on the note, and attached certain lands belonging to M.   On May 29, 1874, K. obtained a

judgment in his favor against M. for the amount of the note, and at the same time obtained an order that the attached property should be sold to satisfy the judgment with interest and costs. On October 1, 1874, an execution was issued on the judgment and the attached property was levied on and offered for sale, but was not sold for want of bidders. On December 10, 1874, M. died, and on May 7, 1875, H. was appointed and qualified as administrator of M.'s estate. H. gave notice of his appointment and qualification. On August 17, 1875, S. commenced his action against K. and others, on a promissory note and mortgage given by M. in his lifetime to S. The mortgage conveyed the same land which K. had previously attached. The administrator, the widow and the heirs of M., and all persons interested in the estate of M., and in the subject-matter of this action, were made parties. On November 8, 1875, K. answered setting up, by way of cross-petition and counterclaim, all the facts constituting his claim against the estate of M., and asking by way of affirmative relief, that he be adjudged to have a first and prior lien upon the premises mentioned in the petition for the amount of his judgment, interest and costs; that S.'s pretended claim and mortgage be declared fraudulent and void; that the amount of K.'s judgment be first paid from the proceeds of the sale of the lands, and for all other, further and proper relief in the premises. On May 29, 1877, H., as administrator, filed an amended answer, alleging that the notes and mortgage of S. were executed without consideration; that they were fraudulently executed for the purpose and with the intent to hinder, delay and defraud the creditors of M.; that the promissory notes had been paid, and that the plaintiff was not the real party in interest in the suit. *Held,* That the district court did not err in entering a judgment for K. against H., as administrator, for the full amount of his judgment against M., with interest and costs, and in directing that the real estate described in the pleadings should be sold and the proceeds applied to the satisfaction of the judgment of K., after the costs of the action and the taxes on the premises had been paid. (*Kothman v. Skaggs,* ante, p. 5.)

3. JUDGMENT, *Pleaded in Cross-Petition; Decree and Order Thereon.* Where proceedings are commenced in the district court to foreclose a mortgage executed by a mortgagor, deceased, and one of the defendants is the administrator of the intestate, another defendant may set up, by way of cross-petition and counterclaim, a judgment on the premises sought to be foreclosed, and upon the establishment of such judgment and the invalidity of the alleged mortgage, may obtain a decree adjudging the judgment a first lien upon the premises, and may also obtain an order for the sale of the premises, and an application of the proceeds thereof to satisfy the judgment and costs. (*Brenner v. Bigelow,* 8 Kas. 497; *Shoemaker v. Brown,* 10 Kas. 383.)

4. ———— Other matters considered and discussed.

*Error from Leavenworth District Court.*

DECEMBER 16, 1882, in the district court, defendant *Kothman* recovered a certain judgment against *Markson*, as administrator, etc., who brings the case here. The facts fully appear in *Kothman v. Skaggs*, ante, pp. 5–18, and in the opinion, *infra*.

*H. W. Ide*, for plaintiff in error.

*H. T. Green*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: After the decision of this court had been rendered in *Kothman v. Skaggs, et al.*, ante, pp. 5, *et seq.*, and on December 16, 1882, Kothman by his attorney presented to the court below the mandate of this court reversing the judgment of that court, and directing judgment to be rendered in favor of Kothman as prayed for in his answer. Thereupon the district court entered a personal judgment for Kothman against Herman Markson, as administrator of the estate of J. J. Myers, deceased, for the full amount of the judgment rendered in favor of Kothman against Myers, on May 29, 1874, with interest and costs, and directed that the real estate upon which the judgment was a lien should be sold, and the proceeds distributed by the officer making the sale, to pay — first, the costs in the proceedings in Skaggs v. Myers, *et al.*, as hereafter to be taxed; second, the taxes on the premises; third, the judgment of Kothman. It was also ordered that the remainder of the proceeds, if any, be brought into court for further disposition. Markson excepted, and brings the case here for review.

Upon the presentation of the mandate of this court to the court below, Markson presented his motion to so change and amend the journal entry in the original case of E. H. Skaggs *v.* J. J. Myers, Herman Markson, as administrator of the estate of J. J. Myers, deceased, F. Kothman, *et al.*, as to show the

judgment in favor of F. Kothman against J. J. Myers had been fully paid off, settled, and discharged. In support of this motion he presented an affidavit of T. A. Hurd that he was the attorney of E. H. Skaggs in the action of Skaggs v. Myers, *et al.;* that Myers, about January 5, 1874, told him the claim of Kothman was in process of settlement, and would be settled on his return to Texas; that some time after this suit was commenced the widow of Myers told him Kothman's claim had been settled by her husband, as the latter had informed her; also that he had an indistinct recollection he had been informed in some other way that Myers had settled the claim of Kothman in his lifetime; then his own affidavit that the widow of J. J. Myers, deceased, told him in Leavenworth city, in this state, since the suit of Skaggs against Myers was commenced, that the debt of Kothman against Myers had been fully paid off and discharged, and that her husband so told her on his death-bed. The court overruled the motion.

The complaint against this ruling is not well founded. J. J. Myers died about six months after the judgment of Kothman was rendered against him. The action of E. H. Skaggs against Myers, Markson, Kothman, *et al.*, was commenced about August 19, 1875, a little over eight months after the death of J. J. Myers. The answer of Kothman by way of cross-petition and counterclaim was filed November 8, 1875, and the amended answer of Markson was not filed until May 29, 1877. From these dates and facts, it is clearly apparent that the judgment of Kothman against J. J. Myers had not been paid or settled since the trial of the action of Skaggs v. Myers, Markson, Kothman, *et al.*, which was concluded April 30, 1881. Therefore Markson was not asking by his motion and affidavits the privilege to show any matter of discharge or settlement which had transpired since the rendition of the judgment, that made it inequitable and unjust it should be enforced. The affidavits in support of the motion were vague and unsatisfactory, based wholly upon hearsay, and omitted to establish any excuse on the part of Markson for not setting forth, by answer or otherwise, the alleged payment and

46—29 KAS.

settlement of the Kothman claim and judgment prior to the trial in Skaggs *v.* Myers, Markson, Kothman, *et al.*, at the December term of the court for 1880. (See *McMillan v. Baker*, 20 Kas. 50.)

It is also urged that the court erred in rendering a judgment against Markson, as administrator of the estate of J. J. Myers, deceased, for any sum whatever. The prayer of the answer filed by Kothman in Skaggs *v.* Myers, *et al.*, was to the effect that he be adjudged to have a first and prior lien upon the premises mentioned in the petition for the amount of his judgment, interest, and costs; that Skaggs's pretended claim and mortgage be declared fraudulent and void; that the amount of Kothman's judgment be first paid from the proceeds of the sale of the lands; and for all other, further and proper relief in the premises.

We decided in *Kothman v. Myers*, supra, that the judgment of Kothman was one that might at any time within one year from J. J. Myers's death, or from the appointment of his administrator, be revived against the representatives and successors of the deceased, and this without their consent; and when so revived it would be revived with all its attributes, with all its force and efficacy, and with everything which it possessed on the day prior to the decease of the judgment debtor; and such judgment, while so subsisting and within one year after the judgment debtor's decease, might also, without any formal revivor, be used as the foundation for an action against the representatives or the successors of the deceased, or it might be used as the foundation for affirmative relief in any proper action in which Kothman might be a defendant; and if used as the foundation for an action, or as the foundation for affirmative relief, before being barred or impaired by any statute of limitation, there would be no necessity for any formal revivor under the civil code, for such use would answer substantially the same purpose as a formal revivor; and no statute of limitation would run against the judgment or the judgment lien pending the litigation so as to bar or impair either the judgment or the judgment lien in any respect what-

ever. This decision fully justified the order of the district court that the judgment of Kothman against J. J. Myers, rendered on the 20th day of May, 1874, with all interest thereon, was a first lien on the real estate described in the petition of Skaggs *v.* Myers, Markson, Kothman, *et al.,* and that Kothman was entitled to have and recover of Markson, as the administrator of the estate of J. J. Myers, deceased, the amount of that judgment with interest and costs, provided the pleadings in the case of Skaggs *v.* Myers, *et al.,* were sufficient whereon to base the judgment so rendered. We think they were sufficiently full to support the judgment. The answer of Kothman set up substantially the facts authorizing a formal revivor of his judgment. (*Kothman v. Skaggs,* ante, pp. 5–18.)

Another objection made to the order of the district court is, that the officer making the sale has no right to pay the judgment of Kothman. It is urged that while the court may proceed and sell the land on which the judgment against the deceased judgment debtor was a lien, that that is as far as it can go; that the money realized from the sale of the lands must go into the hands of the administrator; that the creditor must go before the probate court and there get his debt; that before the judgment rendered against the deceased in his lifetime shall be satisfied, all funeral expenses, expenses of the last sickness of the deceased, and the expenses of administration, must be first paid. These matters were argued and presented to us upon a motion for a rehearing in the case of *Kothman v. Skaggs, et al.,* and disposed of adversely thereto. It was long ago decided by this court that it could not have been intended by the legislature to limit in any respect the jurisdiction of the district court by passing the acts conferring jurisdiction upon probate courts. It was simply intended by such acts to confer jurisdiction upon the probate courts, and to leave the other courts to exercise just such jurisdiction and powers as other statutes had given or should give to them. (*Shoemaker v. Brown,* 10 Kas. 383.)

"A mortgage may be foreclosed in the district court, al-

though the defendant, or one of the defendants, should be an administrator, and a foreclosure judgment rendered in the district court against the deceased in his lifetime may be revived in the same court after his death, against his administrator and heirs." (*Brenner v. Bigelow*, 8 Kas. 497.)

The question concerning the prior satisfaction of the funeral expenses and expenses of the last sickness of the deceased, and the expenses of administration, were not in issue in the case of Skaggs *v.* Myers, *et al.*, nor were those expenses referred to in the original answer, or in the amended answer of Markson, or in any of the pleadings. They are not properly before us now.

Kothman has attached a cross-petition to the proceedings in error prosecuted in this court by Markson, as the administrator of the estate of J. J. Myers, and complains of the action of the district court because it did not render judgment in his favor against the widow and children of J. J. Myers, deceased; this upon the ground that as certain rents had been collected from the lands owned by J. J. Myers in his lifetime, after his death the heirs were bound to pay the debts of their ancestor to the extent of those rents. It appears, however, from the findings of the trial court, that the only rents received were those collected by Markson. Neither the widow nor the children of J. J. Myers, deceased, have received any of the rents; and the question whether the rents so collected and received by Markson can be applied toward the satisfaction of the judgment of Kothman was not before the district court for adjudication, and is not now before us. We therefore have no opinion at this time to express thereon. "Sufficient unto the day is the evil thereof."

In the oral argument it was contended that the district court had charged in the order of distribution all of the costs in the action of Skaggs *v.* Myers, *et al.*, upon the proceeds arising from the sale of the lands. We do not so interpret the order. In the judgment rendered April 30, 1881, in Skaggs *v.* Myers, *et al.*, it was adjudged that the notes and mortgages set forth in the petition and in the answer of E. M. Skaggs

were fraudulent, null and void, and that they were not any lien whatever upon the premises described in the petition and answer. And it was further decreed in that judgment, that the defendants, excepting E. M. Skaggs, recover of and from the plaintiff E. H. Skaggs, and the said defendant E. M. Skaggs, all their costs in their behalf expended, and that execution issue therefor. This judgment for costs against E. H. Skaggs and E. M. Skaggs has never been reversed or set aside, and these costs are no lien upon the premises decreed to be sold.

The order and judgment of the district court will be affirmed.

All the Justices concurring.