### GEORGE PRESBURY v. J. H. PICKETT.

PRACTICE—*Right to Bring Action.* The right to maintain an action upon a promissory note belonging to the estate of a deceased person is vested in the personal representative of the deceased, and not in his heir at law.

MEMORANDUM.—Error from Sumner district court; JAMES A. RAY, judge. Action by J. H. Pickett against George Presbury and J. H. Cager. Judgment for plaintiff, and defendant Presbury brings the case here. Reversed. The opinion, filed November 9, 1895, sufficiently states the facts.

*W. W. Schwinn*, and *C. T. Atkinson*, for plaintiff in error.

*James Lawrence*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: The plaintiff in error executed and delivered to E. B. Pickett his promissory note, about January 1, 1887, and afterward, and before the payment of the same, E. B. Pickett died. This action was brought upon said note by the defendant as the heir at law of said E. B. Pickett. Upon the trial of the case evidence was admitted, over the objection of

the defendant below, plaintiff in error, tending to show the death of E. B. Pickett; that he died intestate ; that his father, plaintiff below, was his only heir ; and that the intestate died leaving neither creditors nor debts. The court instructed the jury upon the theory that, if the plaintiff in error had made any payments upon the note in question to the defendant in error with knowledge of the death of the payee named in the note, he had waived the appointment of an administrator. From a verdict and judgment in favor of the defendant in error the case is brought here for review. A number of alleged errors are urged in this case, but, as is conceded by counsel for both parties, they all tend to the one point, namely, whether the sole heir of a deceased person can maintain an action of this character without administration being had upon the estate of the deceased. While the amount involved in this controversy is small, and the record discloses that the only defense to the note sued upon is that the action cannot be maintained in the manner in which it is brought, yet the question to be decided is an important one. Paragraph 2785, General Statutes of 1889, provides :

"That upon the decease of any inhabitant of this state, letters testamentary or letters of administration on his estate shall be granted by the probate court of the county in which the deceased was an inhabitant or resident at the time of his death."

Paragraph 4103, General Statutes of 1889, being § 26 of the code of civil procedure, provides that "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in § 28." Section 28 provides :

"An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose

name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted.''

It is obvious from the first of these sections that the legislature intended to provide a manner for the settlement of the estate of a deceased person, and that section, in connection with the succeeding ones upon the subject, provides the only manner in which a legal settlement of such an estate can be made. It is true that the statute provides that an action shall be brought in the name of the real party in interest, but the very fact that the same section which so provides excepts the provisions of § 28 above quoted, indicates that the class of actions therein recited should be brought in the name of the representative of the person in interest named in § 28. In the case of *Weidner v. Rankin*, 26 Ohio St. 522, an action was brought by the widow and children of the deceased to recover damages for the negligence of the defendants in causing the death of the deceased, and was brought under a statute requiring compensation for causing death by wrongful act, neglect or default, and the amount recoverable in such action was for the exclusive benefit of the widow and next of kin ; but the general statutes of that state also provided, as does our own, for the bringing of an action in the name of the personal representative of the deceased. In that case the court says :

'' The risk of ascertaining the persons entitled to the recovery of the benefit and the duty of making distribution are not imposed upon the defendant, but on the personal representatives of the deceased.''

In the case of *Cox v. Grubb*, 47 Kas. 435, Mr. Com-

missioner SIMPSON, in delivering the opinion of the court, says :

"In this case, the deceased partner left a widow and minor heirs, but at the time this promise was made there was no administration. The cases cited go upon the theory that such a contract is against public policy, for the reasons that the statutes provide a tribunal whose duty it is to supervise the settlement of the estate of all deceased persons, and whose special duty it is to protect the interests of minor children and heirs. No contract can be made respecting the assets of a deceased person's estate except by the authority and with the approval of the probate court, and only then to the extent authorized or permitted by the law of the state."

In *Ballinger v. Redhead,* ante, p. 434, and reported in 40 Pac. Rep. 828, JOHNSON, P. J., in delivering the opinion of this court, says :

"While it is true that he was entitled to the possession of the property for the purpose of preserving the same, before he could lawfully proceed to wind up the affairs of the estate he must give bond as required by the statute and wind up the affairs of the estate under the direction of the probate court."

This last case was one involving the rights of a surviving partner, to whom the statute gives the right of possession of the partnership estate until administration is had according to the statute, but it was the opinion of the court that no act could be done toward a settlement save under the direction of the probate court. The case of *Humphreys v. Keith,* 11 Kas. 108, cited by counsel for defendant in error, does not in any manner change the rule here laid down. In that case administration had been had upon the estate and a final settlement made in and approved by the probate court. Included in the final settlement was a note

which was reported uncollectible, and the probate court thereupon ordered that the said note be retained in the hands of the administratrix to be collected if possible and applied upon an account due from the estate to her. Afterward, the adminstratrix brought an action in her own name, and recovered in the trial court, and, upon appeal, Brewer, J., in delivering the opinion of the supreme court, said:

"If the order quoted was one within the power of the probate court to make, then the full title to the note was transferred to her; she was entitled to all the proceeds, and was the real and only party in interest, and the only party authorized to sue. If the order was *ultra vires*, and of no force, then, the final settlement of the estate having been approved and the debts, except hers, all paid, she has, as one of the distributees, an interest in the note, and though that be only a half interest, still it is enough to enable her to maintain this action."

The danger of adopting any different rule is, that in the settlement of the estates of deceased persons, unless a court having the power to pass upon the question has determined who are the parties to whom the estate should be distributed, the risk of ascertaining such parties is imposed upon anyone indebted to the estate, with the attendant danger of involving the debtor in litigation with rival claimants. This case presents an illustration of that fact. The record discloses evidence tending to show that plaintiff in error was willing to pay the note in suit, but that he understood it was claimed by both the father and the brother of the deceased. In the case of *Humphreys v. Keith*, supra, this determination as to who was entitled to the estate of the deceased had been made by the proper court, and the plaintiff in that case was held entitled to maintain her action either under the order

of the probate court, or, if that was *ultra vires*, as the distributee named by said court. It is contended by the defendant in error that the plaintiff in error failed to raise this question, either by demurrer or by his answer, and therefore that the same was waived. This cause was originally brought in justice's court, and while the answer filed is somewhat indefinite, it may be said to cover the question raised, and, in any event, the record discloses that this was the theory upon which the case was tried, not only in the district court, but from the first appearance of the defendant below in the justice's court.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Judges concurring.