## SOUTHERN DEPARTMENT—CENTRAL DIVISION.
## MAY TERM, 1896.

SARAH W. REXROAD *et al.* v. H. N. JOHNSON, *as Constable of the City of Hutchinson.*

No. 64.

1. REPLEVIN — *In Whose Name Revived.*  Where the plaintiff in an action of replevin dies intestate, the administrator of his estate is the person in whose name the action must be revived.

2. ———— *When it May Be Revived.*  An action cannot be revived in the name of the administrator of a deceased person until the administrator has been appointed.

3. REVIVOR — *Time — Dismissal.*  An action will not be dismissed from this court for failure to revive the same until after one year from the time the order might have been first made, unless the provisions of paragraph 4532 or paragraph 4533 of the General Statutes of 1889 have been complied with.

MEMORANDUM.—Error from Reno district court; L. HOUK, judge.  Action in replevin by John Rexroad against H. N. Johnson, as constable of the city of Hutchinson.  Judgment for defendant.  Plaintiff brings the case to this court.  Continued.  The opinion herein, filed July 15, 1896, states the material facts.

*Wright & Stout,* for plaintiffs in error.

*W. H. Lewis,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. :  This action was, on October 12, 1895, revived by this court in the name of the heirs at law of John Rexroad, deceased.  The defendant in error questions the right of the heirs of John Rexroad to have the action revived in their name.  An exami-

nation of the record reveals the fact that this is an action in replevin, brought by Rexroad to recover the possession of specific personal property, alleged to have been wrongfully detained from him by the defendant in error, H. N. Johnson. Judgment was rendered in favor of the defendant Johnson, and Rexroad brought the case here for review. In determining in whose name the action should be revived, we must determine who would have been the proper party to bring the suit if it had been commenced after the death of the plaintiff. To whom do the rights of the decedent pass? This is clearly provided for by paragraph 4527 of the General Statutes of 1889, which reads as follows:

"Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal represenatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

There can be no question but that the rights of the plaintiff in this case passed to the administrator. The subject-matter of this action is part of his personal estate, and will be subject to the payment of his debts if the replevin is sustained, and will be charged against his estate if the present judgment is affirmed. We must therefore hold that the attempted revivor in the name of the heirs of Rexroad is a nullity. The action must be revived in the name of the administrator of the estate of John Rexroad. See *Presbury v. Pickett*, 1 Kan. App. 631. The defendant in error also contends that as John Rexroad died on or about January 9, 1895, this case should be dismissed, because more than one year has elapsed since his death and no legal revivor has been had. The statute which controls in

revivors of this nature is paragraph 4531 of the General Statutes of 1889, which reads as follows :

"An order to revive an action in the name of the representatives or successor of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made. . . ."

It is evident that the action could not be revived in the name of the administrator until an administrator had been appointed. No showing has been made to us as to when the administrator was appointed. When it is shown to us that one year has elapsed since the action might have been first revived in the name of the administrator, and that the opposite party does not consent to the revivor, the action will be dismissed in accordance with the terms of paragraph 4532 *id.* Or if, prior to the expiration of one year after the action might have been first revived in the name of the administrator, the defendant proceeds under paragraph 4533 *id.*, the action must be either dismissed or revived.

This action will be continued until the October term of this court, to enable each party to protect his rights, in accordance with the views expressed in this opinion.

All the Judges concurring.