First National Bank of Arkansas City *vs.* Eliza B. Hazie, Ex'x.

PROVIDENCE—JUNE 2, 1905.

Present: Douglas, C. J., Dubois and Blodgett, JJ.

(1)   *Statute of Limitations.   Foreign Judgment.   Conflict of Laws.*

The statute of limitations of this State, where a testator resided up to the time of his death; in which his estate was situated; where his will was proved, and whose Probate Court has jurisdiction, should be preferred to that of the State of his former residence, in which the judgment which is the foundation of an action in this State was obtained.

Debt on Judgment.   Heard on demurrer to amended plea, and demurrer sustained.

Dubois, J.   The plaintiff's demurrer to the defendant's second plea as amended must be sustained, not only for the reasons contained in the opinion filed January 29, 1904, but also because, although the defendant therein alleges that the testator died more than one year prior to the commencement of this action, that is not final and decisive.   The language of the statute in section 4883, referred to in said plea, is: "An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."   This section, as section 433 of the Civil Code, has been interpreted in *Scroggs* v. *Tutt*, 23 Kas. 181, to mean: "Unless he does it within one year after the appointment and qualification of such administrator."   This action may have been commenced more than one year after the death of the testator and within one year after the appointment and qualification of his executrix.

Furthermore, the statute of limitations of this State, where the testator resided up to the time of his death, in which his estate was situated, where his will was proved, and whose Probate Court has jurisdiction, should be preferred to that of the State of his former residence, in which the judgment which was the foundation of this action was obtained.   Am. & Eng. Ency. L. vol. 13, 2d ed. 1033 n. 5, and cases cited.   This seems to be the rule in Kansas, according to the syllabus in case of *Bauserman* v. *Charlott*, 46 Kas. 480, as follows:   "Where an action is brought in this State, upon a judgment of a court of record of a sister State, which is in full force in that State, the statute of limitations of this State, and not that of the sister State, will control."

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*Christopher M. Lee*, for plaintiff.

*Henry W. Hayes*, for defendant.