No. 43,265

In the Matter of the Estate of D. N. Freeman, Deceased. (MARGARET ELIZABETH PEROTTI, et al., *Appellees,* v. FIRST NATIONAL BANK OF TOPEKA, Executor, *Appellant.*)

(382 P. 2d 483)

Opinion filed June 8, 1963.

*R. L. Hamilton,* of Beloit, Kansas, and *Ralph W. Oman,* of Topeka, argued the cause, and *Robert L. Webb, Philip E. Buzick, Wm. B. McElhenny, James D. Waugh, James L. Grimes, Jr., Donald J. Horttor,* and *James L. Berglund,* all of Topeka, were with them on the briefs for the appellant.

*Wendell S. Holmes,* of Hutchinson, Kansas, argued the cause, and *George E. Teeple,* of Mankato, Kansas, and *Thomas M. Howell,* of Kansas City, Missouri, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal involves a dispute between the executor, which is also trustee under the will, and the heirs at law, over the disposition made of a petition designated "Petition for Construction of Will."

The facts and history of the proceedings material to the determination of the controversy may be stated as follows:

D. N. Freeman, a resident of Beloit, Kansas, died December 21, 1959. He left a will which was admitted to probate in Mitchell County, Kansas, designating the First National Bank of Topeka as executor. The executor was appointed and qualified on January 19, 1960. The will, which is somewhat lengthy, will be summarized.

The will first provided for the payment of all just debts. A sum of five thousand dollars was bequeathed to the testator's daughter, Margaret Elizabeth Perotti, and an equal sum to his granddaughter, Nancy Ann Braile. All of the residue of the estate, after satisfying the above mentioned charges was bequeathed to the First National Bank of Topeka as trustee, "in trust nevertheless for the benefit of my daughter, Margaret Elizabeth Perotti, my granddaughter, Nancy Ann Braile, Linda Locke, adopted daughter of my daughter, Margaret Elizabeth Perotti, and Margaret Annan Freeman, widow of my deceased son, Duane A. Freeman, to be used for their use and benefit in the manner hereinafter described and designated."

The will provided for various monthly payments to each of the beneficiaries mentioned. It next provided for numerous "in the event" clauses. The requested construction of the validity of these clauses gave rise to the procedural questions presented in this controversy.

On February 24, 1961, Margaret Elizabeth Perotti and Nancy Ann Braile, the heirs at law of the testator, filed an instrument designated "Petition for Construction of Will." The petition challenged all of that part of the will pertaining to the trust. The petition alleged that the trust provisions were in violation of the rule against perpetuities and void, and that the property covered thereby passed to the petitioners by intestate succession, they being the sole heirs at law of the decedent.

On the same day the probate court appointed a guardian *ad litem* for the three minor children of Nancy Ann Braile and the unborn children and immediate issue of Margaret Elizabeth Perotti and Nancy Ann Braile and the unborn issue of such issue. The petition was duly noted for hearing on March 24, 1961. The guardian *ad litem* filed a written defense to the petition in the form of a general denial. On March 16, 1961, the executor filed his written defense to the petition alleging that the petition was for the contest of the will and not for the construction and was filed out of time. It also raised the question of waiver and estoppel and laches. It specifically charged Nancy Ann Braile with estoppel because she had

requested and accepted payments and distributions under the trust provisions of the will. Linda Nuse, nee Linda Locke, adopted daughter of Margaret Elizabeth Perotti, filed a similar written defense.

On March 24, 1961, all parties appeared for the hearing on the petition for the construction of the will, at which time the petitioners filed a petition for transfer of the hearing for construction of the will to the district court. The probate court then adjourned to April 14, 1961, and ordered that the hearing on the petition for construction of the will and the petition to transfer be heard at that time. On April 14, 1961, the matters were again adjourned for hearing to May 9, 1961. On May 3, 1961, the executor filed its written defense to the petition for transfer to the district court. It contended that the petition for construction of the will was in effect a petition to contest the will and that the time for filing contest proceedings had expired before the petition was filed. It further contended that the petition being in substance a will contest proceeding, it was not such a petition as may be transferred from the probate court to the district court under the provisions of the Kansas Probate Code.

On May 9, 1961, the petition to transfer the petition for the construction of will to the district court was argued by the parties and the probate court entered a memorandum decision as follows:

"The court finds that the Petition for Construction of Will is in effect a petition to contest Mr. Freeman's Will, and, since the Probate Court has exclusive original jurisdiction of will contest petitions, the matter is not transferable and the Petition to Transfer to the District Court is denied, and the court does so Order."

On the same day at the request of the petitioner, the probate court entered an order adjourning the hearing for the construction of the will to June 6, 1961.

On May 24, 1961, the petitioners perfected an appeal to the district court from the order of the probate court refusing to transfer the hearing on the petition to construe the will to the district court.

On June 6, 1961, the petition for construction of the will was heard and the probate court entered an order concluding as follows:

"Whereupon at the conclusion of said arguments, the court, being fully advised in the premises, finds that said petition for construction of will is in legal effect a petition to contest the Will of D. N. Freeman, deceased; that said petition, so construed, was filed after the expiration of the time permitted by statute, particularly G. S. 1949, 59-2404; and this court has no jurisdiction to entertain said petition, and that said petition must be dismissed and denied."

On June 13, 1961, petitioner filed a notice of appeal to the district court from the order of the probate court set out above. The appeal, however, was not perfected.

On October 23, 1961, the executor filed a motion to dismiss the appeal to the district court from the order of the probate court refusing to transfer, alleging that the refusal of the probate court to transfer is not an appealable order.

The district court made its final determination of the matter on May 4, 1962, which was reduced to a journal entry on June 28, 1962. We quote from the journal entry as follows:

"Now on this 4th day of May, 1962, the same being a day of the regular April 1962, term of the above entitled Court, written arguments and briefs of the parties to this appeal having been duly submitted to and considered by the Court, the Court now finds that the order and decision of the Probate Court, made on May 9, 1961, whereby the Probate Court did refuse to transfer the hearing on the petition for the Construction of the Will of D. N. Freeman, deceased, was and is an appealable order, and the motion to dismiss this appeal is now by the Court overruled; and the Court further finds that the petition filed in the Probate Court of Mitchell County, Kansas by Margaret Elizabeth Perotti and Nancy Ann Braile, now Howell, on February 24, 1961, is properly a Petition for Construction of the Will of D. N. Freeman, deceased, and the hearing on said petition and the issues formed thereon, was and is transferable to this Court for final decision and determination under the provisions of G. S. 1961 Supp., 59-2402a.

"The Court further finds that this appeal was timely taken from the order refusing to transfer the Petition for the Construction of the Will of D. N. Freeman, deceased, and that this appeal should be and the same is hereby allowed and sustained.

"Now, therefore, it is ordered that the Probate Judge of Mitchell County, Kansas, make transfer of the Petition for Construction of the Will of D. N. Freeman, deceased, and all answers, pleadings, documents and instruments pertinent thereto by delivering to the Clerk of this Court the original files, or so much thereof as may be necessary, for the final determination of all issues raised upon the Petition for Construction of the Will of the said D. N. Freeman, deceased."

The executor has appealed from the order of the district court allowing the appeal.

The appellant first contends that the order of the probate court refusing to transfer the petition for construction of the will to the district court for hearing is not an appealable order. This contention is bottomed on the further contention that such an order is not a "final decision" as the term is used in G. S. 1949, 59-2401, providing for appeal to the district court from judgments, decrees and decisions of the probate court.

The appeal statute describes twenty orders or decrees from which appeals may be taken and then concludes:

"(21) A final decision of any matter arising under the jurisdiction of the probate court."

Orders refusing to transfer matters to the district court are not specifically mentioned. The right to appeal must therefore be found in the right to appeal from "final decisions" if the right exists.

The appellant contends that the order is not final because the probate court can hear and determine the matter on its merits and an appeal can then be taken to the district court. That is not the intent or purpose of the transfer statute. The purpose of the statute was to have complicated matters involving technical legal questions heard by a judge trained in the law and also eliminate the necessity of two hearings on the matters. The transfer statute leaves no discretion in the probate court. It is mandatory. G. S. 1949, 59-2402b provides in part:

"Upon the filing of such [transfer] request the probate court *shall* deliver to the district court the file in the matter, or so much thereof as may be necessary for a determination of the issues raised. . . ." (Emphasis ours.)

When the probate court refused to transfer, on request, an absolute right provided by statute was denied. The order denying the request was final insofar as petitioners' right to be heard under the jurisdiction of the district court was concerned. An order denying a jurisdictional right is a final decision. A jurisdictional question may be raised at any time. In the case of *In re Estate of Weaver*, 175 Kan. 284, 262 P. 2d 818, it is stated:

"The executors next contend that an appeal may not be taken from an order of the probate court entered on a preliminary motion prior to final determination of the issues in controversy. We have stated on many occasions that the question of jurisdiction may be raised at any time. (*Russell v. State Highway Comm.*, 146 Kan. 634, 73 P. 2d 29; *National Bank of Topeka v. Mitchell*, 154 Kan. 276, 279, 118 P. 2d 519; *In re Estate of Pallister*, 159 Kan. 7, 9, 152 P. 2d 61; *In re Estate of Dix*, 161 Kan. 364, 367, 168 P. 2d 537.)"

Although the order refusing to transfer did not determine the main issues, it was a final order as to the statutory right to be heard in the district court. If there is to be no appeal from an order of the probate court refusing to transfer, the transfer statute is rendered nugatory by the simple refusal of the probate court to transfer. Appellant contends that the appellees must wait until the probate court has heard the matter on its merits and then appeal to the district court where the matter can be heard *de novo*. This is the pro-

cedure that the legislature was attempting to avoid by the transfer statute.

The probate code contains its own procedure for appeal and the Code of Civil Procedure is not applicable. (*Cardin v. Apple*, 150 Kan. 162, 92 P. 2d 32; *In re Estate of Freshour*, 177 Kan. 492, 280 P. 2d 642.) The appeal provisions should be so construed as to harmonize with other provisions of the act, and not to destroy the effect of other specific provisions such as the right to have a matter transferred to the district court for hearing.

The appellant next contends that the petition although designated "Petition for Construction of Will," is in fact a petition contesting a will and that a petition contesting a will is not transferable. The appellant misconstrues the language of the transfer statute.

Prior to 1951 the transfer statute (G. S. 1949, 59-2402a) contained a general provision giving a right to transfer a petition filed in the probate court to the district court. The statute detailed specific exceptions to the general provision. One of the exceptions was a petition for admission of a will to probate. An objection to the probating of a will on any ground was left in the exclusive jurisdiction of the probate court.

The 1951 legislature amended G. S. 1949, 59-2402a and took an entirely different approach. It specifically provided what petitions filed in the probate court could be transferred. The amended section provides insofar as material here:

"When a petition shall be filed in the probate court. (1) to admit a will to probate; . . . (10) for an order which involves the construction of a will or other instrument; any interested party may request the transfer of such matter to the district court. . . ." (G. S. 1961 Supp., 59-2402a.)

It will be noted that where the old section left will contests, insofar as they arose on objects to probating a will, in the jurisdiction of the probate court, the revised section contained a specific provision for the transfer of such matters to the district court for hearing. It also specifically provided for transfer of a petition for an order which *involves* the construction of a will. The legislature could have had but one thing in mind—the hearing of such complicated and technical matters by a judge trained in the law.

The phrase "which involves the construction of a will" is a broad and general term. It is not limited to the construction of a will to determine the intent of the testator. It also includes the construction of a will to determine the validity of any of its provisions. The appellees in the present controversy have petitioned for the con-

struction of the provisions of the will for the purpose of determining whether the rule against perpetuities is violated.

The legislature did not intend that a petition to construe a will for the purpose of determining the intention of the testator should be transferred to the district court, but a petition challenging the validity of a will involving such questions as the rule against perpetuities in the construction should remain under the jurisdiction of the probate court.

If a petition involves the construction of a will it must be transferred on request, regardless of the purpose sought to be accomplished.

The appellant cites numerous cases in support of its contention. The cases cited were determined before G. S. 1949, 59-2402a was amended in 1951. They are of little, if any, aid in construing the language of the amended section. The present case is one of first impression insofar as the interpretation of the phrase "an order which involves the construction of a will" is concerned, in considering the right to transfer the matter to the district court for hearing.

The appellant contends further that appellees abandoned their appeal to the district court when they submitted themselves to the jurisdiction of the probate court at the hearing on the petition to construe the will. We do not agree. G. S. 1949, 59-2407 provides:

"An appeal from an order admitting a will to probate shall not suspend the operation of the order until the appeal is determined, but no distribution to heirs, devisees, or legatees shall be made pending the appeal. *In all other cases the appeal shall suspend the operation of the order, judgment, decree, or decision appealed from until the appeal is determined or the district court shall otherwise order.*" (Emphasis ours.)

Again the statute is mandatory. The appeal shall suspend the operation of the order, etc., from which the appeal is taken. Any action taken by the probate court which affected the order from which the appeal was taken was a nullity and could not be the basis of estoppel. This question was considered in the case of *In re Estate of Lillibridge,* 161 Kan. 93, 166 P. 2d 720, where it is stated:

"One other question remains which must be answered—Did the filing of and the ruling on the 'demand' in the probate court while the case was pending on appeal in the district court estop the appellant from presenting her appeal in the district court? We have examined the cases cited by respective counsel on this point and have concluded that the better reasoning is to the effect that the district court became solely possessed of at least part of the case upon appeal and that the probate court thereafter had no further jurisdiction of the same issues involved in the first appeal. Since the 'demand'

clearly raised only the same issues the result is that the ruling made by the probate court was in fact a nullity. Such being true, it had no effect for any purpose and could not be the basis of an estoppel. . . ." (p. 106.)

The appellant last contends that the district court ruled that the petition was one for the construction of a will and not a will contest and that the district court had no jurisdiction to make such determination on an appeal from an order refusing to transfer.

We do not so understand the district court's ruling. It first considered appellant's motion to dismiss the appeal and found that the order or decision of the probate court refusing to transfer the hearing on the petition for construction of the will "was and is an appealable order, and the motion to dismiss the appeal is now by the court overruled."

The district court next proceeded to consider the merits of the appeal. It found that:

". . . the petition filed in the Probate Court . . . on February 24, 1961, is properly a Petition for Construction of the Will of D. N. Freeman, deceased, and the hearing on said petition and the issues formed thereon, was and is transferable to this Court for final decision and determination under the provisions of G. S. 1961 Supp., 59-2402a,"

and allowed the appeal. It simply found that the petition was one involving the construction of a will and therefore subject to transfer.

The district court did not find that the petition was or was not also a petition contesting the will and the effect thereof. This question, the issues raised by the petition, and the executor's written defense to the petition are now before the district court for determination.

The judgment is affirmed.

APPROVED BY THE COURT.