No. 44,276

WARREN D. THOMPSON, *Appellant,* v. R. R. BENNETT, Administrator
of the Estate of Lewis Q. Preston, Deceased, and DOROTHY
PRESTON SURPRISE, *Appellees.*

(410 P. 2d 291)

Opinion filed January 22, 1966.

*Robert A. Schermerhorn,* of Junction City, argued the cause, and was on the briefs for appellant.

*John P. Deiter* and *Howard Harper,* of Junction City, argued the cause and were on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This appeal involves an attempt by Warren D. Thompson to revive an action pursuant to G. S. 1949, 60-3214, against R. R. Bennett, administrator of the estate of Lewis Q. Preston, deceased.

The original action was commenced in the district court of Geary County during October, 1955, when Thompson filed a tort action against Lewis Q. Preston to recover damages for personal injuries sustained in an automobile accident at Junction City. Preston, a soldier stationed at Fort Riley, was ordered overseas prior to the time for filing his answer. On February 11, 1956, his counsel filed an application for a stay of the proceeding under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. On June 4, 1956, Preston was granted an order of stay which was to remain in effect until he received a military discharge and returned to the United States, or until such time as his military duties would not interfere with his ability to prepare a defense. The case was passed on October 6, 1956, and during 1957 and 1958 it was noted on the trial docket sheet that Preston was still in military service. However, unknown to counsel for the parties, Preston died intestate in Germany on September 2, 1956, and the suggestion of his death was not made to the district court of Geary County until February 3, 1959.

On November 17, 1959, Thompson filed a petition in the probate court of Marshall County, requesting the appointment of an administrator for Preston's estate, and on December 11, 1959, R. R. Bennett was appointed. Subsequent thereto, on December 19, 1959, Preston's remarried widow, Dorothy Preston Surprise, per-

fected an appeal from the order appointing Bennett as administrator to the district court of Marshall County, challenging the jurisdiction of the probate court to enter such order. A trial *de novo* was held in the district court on May 16, 1961, and a demurrer was sustained to Thompson's evidence. An appeal was perfected to this court from the ruling on the demurrer, and from the court's order over-ruling Thompson's motion for a new trial.

The facts of Thompson's efforts and of his ultimate success in obtaining the appointment of R. R. Bennett as administrator of the estate of Lewis Q. Preston, deceased, are detailed in *In re Estate of Preston*, 193 Kan. 145, 392 P. 2d 922. The decision of this court affirming the appointment of Bennett as administrator was filed on June 6, 1964, and the mandate was forwarded to the district court of Marshall County on July 15, 1964.

The proceeding out of which this appeal arises was commenced on January 15, 1965, when Thompson filed a motion in the district court of Geary County requesting that R. R. Bennett, administrator of Preston's estate, be substituted in the original damage action as a party defendant in the place of Preston. On February 3, 1965, the district court overruled the motion, and this appeal followed.

At the outset, we note that no question is raised whether the cause of action existing in favor of Thompson was one which, under G. S. 1949, 60-3201, survived the death of Preston. Hence, it is only necessary for this court to consider whether Thompson's motion for substitution of parties was filed within the time limit prescribed by our statutes.

The parties are agreed and their briefs concede that the statute in effect at the time of Preston's death—G. S. 1949, 60-3214—governs the period within which an action could have been revived against his personal representative. The statute reads:

"An order to revive an action against the representative or successor of defendant shall not be made without the consent of such representative or successor, unless in one year from the time it could have been first made."

Although the foregoing section was repealed on January 1, 1964, it is controlling for purposes of this appeal, and fixes a one year limitation period for substitution of parties without the consent of the defendant's representative or successor. (Although not factually in point, see, *Turnbaugh v. Pennsylvania Railroad Company*, 34 F. R. D. 255 [1963].) Inasmuch as consent to substitution is lacking, the precise question presented is, from what date does the one year limitation period begin to run?

Thompson contends the district court erred in overruling his motion for substitution on the ground the one year period within which such motion may be filed runs, not from the date of death, or notice of death, but from the appointment of a personal representative. On the other hand, the appellees maintain that a substitution of parties could only be accomplished within one year from the date of Preston's death which occurred on September 2, 1956, and that Thompson's motion, not being filed until January 15, 1965, was barred.

In approaching the question, we point out that in this state the matter of revivor is purely statutory in nature, and can be accomplished only in the mode and upon the conditions prescribed in our statutes. We have previously held that 60-3214 is not a mere limitation upon the remedy, but conditions the very right to revive, and that consequently a party seeking to revive an action must strictly comply with its terms. (*Reaves v. Long*, 63 Kan. 700, 66 Pac. 1030; *Steinbach v. Murphy*, 70 Kan. 487, 78 Pac. 823.) Furthermore, the limitation period contained in 60-3214 is not a limitation upon the commencement of proceedings, nor upon the time within which to make application for an order, but is a limitation upon the granting of the order itself. (*Tefft v. Citizens' Bank*, 36 Kan. 457, 13 Pac. 783; *Reaves v. Long*, supra.)

G. S. 1949, 60-3214, as section 433 of the Civil Code, was first construed in *Scroggs v. Tutt*, 23 Kan. 181, wherein the district court allowed a judgment creditor to revive a judgment against the administratrix of the judgment debtor more than one year after her appointment. On appeal the district court's decision was reversed, and Mr. Justice Valentine, speaking for the court, stated:

". . . The proceeding to revive an action, and the proceeding to revive a judgment, are substantially the same; each must correspond to the same formula. Hence, where an action cannot be revived without the consent of the administrator, neither can a judgment . . .

"We think that a judgment cannot be revived against an administrator after a year has elapsed within which it could be revived, except with the consent of the administrator, and that the rule is a reasonable one . . ." (l. c. 189, 190.)

The court held:

"A judgment creditor, holding a money judgment against a deceased person, cannot revive it against the administrator of such deceased person, against the will of such administrator, *unless he does it within one year after the appointment and qualification of such administrator.*" (Syl. ¶ 8.) (Emphasis supplied.)

The court's interpretation of Section 433 (60-3214) was further explained by Mr. Justice Valentine in *Kothman v. Skaggs,* 29 Kan. 5. In that case, Kothman recovered a judgment against Myers on May 29, 1874, and had an execution issued thereon. Myers died on December 10, 1874, and an administrator for his estate was appointed on May 7, 1875. A third party subsequently commenced an action on a promissory note and mortgage against the administrator and heirs-at-law of Myers, naming Kothman as a party thereto. On November 8, 1875, Kothman filed an answer, and by way of cross-petition and counter-claim prayed that his judgment be enforced against the property in controversy. This court overruled the district court's holding that Kothman could not recover on his claim, and stated:

". . . On that day Myers died. The judgment then ceased to be a judgment against any living person, but it did not become a nullity: it was still a judgment in a limited sense. It was a judgment in abeyance, a dormant judgment, and one that might at any time within one year from Myers's death, *or from the appointment of his administrator,* be revived against the representatives or successor of the deceased; and this without their consent. . . ." (p. 17.) (Emphasis supplied.)

*Scroggs v. Tutt,* supra, and *Kothman v. Skaggs,* supra, are cited in an annotation in 2 A. L. R. p. 1708, from which the following is quoted:

"And in Kansas, under the Civil Code, it has been held that a judgment creditor, holding a money judgment against a deceased person, cannot revive it against the administrator of such deceased person, against the will of the administrator, by substitution of parties, unless he does it within one year (extended in 1909 to two years) of such administrator's appointment and qualification. Scroggs v. Tutt (Kan.) supra; Myers v. Kothman (1882) 29 Kan. 19; Markson v. Kothman (1883) 29 Kan. 718 . . ."

The defendant in a replevin action in *Rexroad v. Johnson,* 4 Kan. App. 333, 45 Pac. 1008, contended the case should be dismissed for the reason that no legal revivor had been accomplished within one year of the plaintiff's death. The governing statute was paragraph 4531 of the General Statutes of 1889, the predecessor of G. S. 1949, 60-3215, which provided in substance that an order to revive an action in the name of the representative or successor of a plaintiff cannot be made without the consent of the defendant after the expiration of one year from the time the order might have been first made. The court, after considering the above statute, rejected defendant's contention, and held:

"An action cannot be revived in the name of the administrator of a deceased person until the administrator has been appointed." (Syl. ¶ 2.)

And in the opinion it was said:

"It is evident that the action could not be revived in the name of the administrator until an administrator had been appointed. No showing has been made to us as to when the administrator was appointed. When it is shown to us that one year has elapsed since the action might have been first revived in the name of the administrator, and that the opposite party does not consent to the revivor, the action will be dismissed. . . ." (l. c. 335.)

In *Riley v. Fallon*, 179 Kan. 224, 294 P. 2d 253, this court, in considering an attempt to revive an action more than one year after the appointment of the administratrix, stated:

". . . Here the service of notice was waived, but no consent to revivor was given, and nothing further occurred from the date of the appointment of the administratrix on January 19, 1954, or from the date service of notice was considered as served on February 18, 1954, until February 17, 1955, *or more than one year after the appointment of the administratrix.* In such case 60-3214 applies. . . . The attempted revivor came too late. . . ." (l. c. 228, 229). (Emphasis supplied.)

The Supreme Court of Rhode Island had occasion to consider the language of 60-3214 in *First National Bank of Arkansas City v. Hazie*, 27 R. I. 190, 61 Atl. 171, and it was said:

". . . This section, as section 433 of the Civil Code, has been interpreted in *Scroggs v. Tutt*, 23 Kan. 181, to mean 'Unless he does it within one year after the appointment and qualification of such administrator.' This action may have been commenced more than one year after the death of the testator and within one year after the appointment and qualification of his executrix." (p. 191.)

See, also, 1 C. J. S., Abatement and Revival, § 179, p. 232, and 1 Am. Jur. 2d, Abatement, Survival and Revival, § 125, p. 139.

We think the express language of 60-3214 negates the appellees' contention that a substitution of parties may only be accomplished within one year from the date of the defendant's death. The statute provides that an action may be revived "against the representative—of defendant," and shall not be made "without the consent of such representative—unless in one year from the time it could have been first made." The requirement that the action be revived against the representative of the defendant clearly presupposes death of the defendant and in addition thereto, the appointment of a personal representative. In other words, the appointment of a personal representative is a condition precedent to the order of revivor. Likewise, the language, "unless in one year from the time it could have been first made," conditions the time

when an order of revivor may be made to one year from the appointment and qualification of the personal representative. Contrary to the appellees' contention, the statute makes no reference to the time of the defendant's death, and presumably had the legislature intended to limit the period within which an action could be revived to one year from the defendant's death, it could have done so by language similar to, "unless within one year from the death of the defendant."

We have carefully considered decisions cited by the appellees, but they clearly do not involve the precise question here presented, and we conclude that the language of the statute and the foregoing decisions require us to hold that under 60-3214 an action need not be revived within one year from the defendant's death but may be revived at any time within one year after the appointment and qualification of the defendant's personal representative.

In the instant case, Bennett was appointed administrator of Preston's estate on December 11, 1959, and qualified as such on December 31, 1959. It is obvious the motion to substitute, entered on January 15, 1965, was filed more than one year after Bennett's appointment and qualification. However, Thompson contends the one year limitation period contained in 60-3214 was tolled by the provisions of K. S. A. 59-2407 from the time the appeal was perfected on December 19, 1959, challenging the probate court's jurisdiction appointing an administrator, until the appointment was finally affirmed by this court on June 6, 1964.

K. S. A. 59-2407 relates to the effect of an appeal from a probate court order, and reads:

"An appeal from an order admitting a will to probate shall not suspend the operation of the order until the appeal is determined, but no distribution to heirs, devisees, or legatees shall be made pending the appeal. *In all other cases the appeal shall suspend the operation of the order, judgment, decree, or decision appealed from until the appeal is determined or the district court shall otherwise order."* (Emphasis supplied.)

The emphasized sentence in the foregoing section was recently considered in *In re Estate of Freeman,* 191 Kan. 503, 382 P. 2d 483, where it was said:

"Again the statute is mandatory. The appeal shall suspend the operation of the order, etc., from which the appeal is taken. Any action taken by the probate court which affected the order from which the appeal was taken was a nullity. . . ." (l. c. 509.)

While following the doctrine of strict compliance with respect to revivor statutes, this court has previously indicated the one year

limitation period may be tolled in situations where there is "some practical impossibility to sue." (*Steinback v. Murphy,* supra, p. 490.) In *In re Estate of Brasfield,* 168 Kan. 376, 214 P. 2d 305, it was held:

"The rule in this jurisdiction is that if a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the running of the statute of limtations applicable to the remedy is postponed, or if it has commenced to run, is suspended or tolled, during the time the restraint incident to the proceedings continues." (Syl. ¶ 7.)

It is apparent the order of the probate court of Marshall County appointing Bennett administrator was suspended by the appeal from that order on December 19, 1959 (K. S. A. 59-2407), and, consequently, there was no personal representative in whose name the action could be revived until June 6, 1964, when this court affirmed the order appointing Bennett administrator. If, during the pendency of the appeal, Thompson would have obtained an order of revivor in the district court of Geary County, such an order would have been a nullity. (*In re Estate of Freeman,* supra.)

In view of the foregoing, we hold that Thompson's motion for substitution, having been entered of record on January 15, 1965, and within one year of our decision affirming Bennett's appointment as administrator, was timely filed.

Thompson directs our attention to K. S. A. 59-2238 (1) which provides:

"Any action pending against any person at the time of his death, which by law survives against the executor or administrator, shall be considered a demand legally exhibited against such estate from the time such action shall be revived. Such action shall be revived in the court in which it was pending and such court shall retain jurisdiction to try and determine said action."

The district court's refusal to revive the action prevented the demand from being considered legally exhibited against Preston's estate.

Based upon what has heretofore been stated, we hold that the district court erred in overruling Thompson's motion to substitute Bennett as administrator of Preston's estate in the original tort action as a party defendant in the place of the decedent. Accordingly, the district court's order overruling that motion is reversed and the case is remanded to the district court with directions to revive the action in the name of the administrator and to proceed in accordance with the views expressed in this opinion.

It is so ordered.