## E. J. MYERS, *et al.*, v. F. KOTHMAN.

ON May 29, 1874, in the district court of Leavenworth county, *Kothman* recovered a judgment against *J. J. Myers* for $10,751.95, and an order that certain attached property be sold to pay the judgment, interest, and costs of suit. October 1, 1874, *Kothman* caused a special execution and 'an order of sale to be issued to enforce this judgment. The land was duly appraised, advertised, and offered for sale, but not sold, for want of bidders. The said *Myers* died intestate, on the 10th of December, 1874. No other execution or other process to enforce the said judgment was issued, except that on September 27, 1876, a paper in the form of an execution for costs was issued, and afterward returned unsatisfied. On January 4, 1881, *Kothman* filed his motion against plaintiffs in error, and Markson, administrator of the estate of Myers, to revive the judgment, and served notices of the motion. This motion came on for hearing on March 26, 1881, and on the same day the court rendered its decision, and entered its order or judgment, overruling the motion as to Markson, administrator, and sustaining it as to these plaintiffs in error.

*T. A. Hurd*, for plaintiffs in error.

*H. T. Green*, for defendant in error.

*Per Curiam:* This case involves the question as to whether a judgment against a deceased person can be revived against his widow and heirs, without their consent, unless the same is done within one year after the order of revivor could have been first made. This question must be answered in the negative. (Civil Code, §§ 433, 439; *Scroggs v. Tutt*, 23 Kas. 182; *Angell v. Martin*, 24 Kas. 334; *Kothman v. Skaggs*, just decided.)

The judgment of the court below will be reversed.