## H. K. TEFFT v. THE CITIZENS' BANK.

DORMANT JUDGMENT; *Notice; Order of Revivor, a Nullity.* The period within which an order reviving a dormant judgment may be made without consent, is one year from the time it could have been first made; and where a notice is given three days before the expiration of the year that an application to revive a judgment will be presented to the court twenty-seven days after the year has elapsed, an order of revivor made upon that notice at the date fixed, or at a subsequent date, without the consent of the adverse party, is a nullity

*Error from Shawnee District Court.*

ON August 6, 1884, the district court, over the objection of *H. K. Tefft*, made an order reviving a certain judgment. To reverse that order, *Tefft* brings the case here. The opinion states the material facts.

*James J. Hitt, G. C. Clemens*, and *H. C. Root*, for plaintiff in error.

*W. P. Douthitt*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On June 1, 1878, a judgment was recovered in the district court of Shawnee county by the Citizens' Bank against H. K. Tefft, E. Tefft and D. B. Burdick, for $1,595.95, together with the costs of the action. This judgment was never satisfied, nor was any execution ever issued upon the same. On May 28, 1884, a motion was filed by the Citizens' Bank, asking that the judgment be revived. A notice was served the same day on H. K. Tefft, notifying him that the hearing of the motion to revive the judgment would be brought on for hearing before the court on the 28th day of June, or as soon thereafter as opportunity was given. On the 6th day of August, 1884, the court, over the objection of H. K. Tefft, made an order reviving the judgment. He brings the present proceeding to reverse that order, contending that it was beyond the power of the court to revive the judgment at that time without his consent. In § 433 of the code it is enacted that —

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor unless in one year from the time it could have been first made."

And by § 440 it is provided that —

"If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

Already the court has held that time is a part.of the manner of revivor, and therefore that the limitations prescribed by § 433 apply to proceedings for the revival of a dormant judgment. (*Scroggs v. Tutt,* 23 Kas. 189; *Angell v. Martin,* 24 id. 334.) That section is explicit in its terms, and plainly limits the time within which an order of revivor may be made without consent, to one year after it could have been first made. It will be observed that more than six years and two months elapsed after the rendition of the judgment and before the order of revivor was made. The judgment became dormant on June 1, 1883, and the attempted revivor was not made for more than fourteen months after that date. The motion to revive was filed and notice given on May 28, 1884, three days prior to the expiration of the year, but the notice specifically stated that the order would be applied for on June 28, 1884. The filing of the motion and the giving of the notice are not sufficient to bring the case within the limitation. The point of limitation prescribed by the statute is the making of the order, and not the commencement of the proceedings to obtain the order. One year is given within which the judgment may be revived. The procedure is simple and the facilities are ample to obtain the order, as it may be obtained upon motion, a notice of which is to be served upon the adverse party in the same manner as a summons is served, and returned within the same time, and the power to revive the judgment is conferred upon the judge at chambers as well as upon the court in term-time. The party should at least commence proceedings in sufficient time to give the required notice to the adverse party of the hearing within the year, and the time fixed in the notice when the application is to be made should be within that period. It is unnecessary to consider what would be the result if the case had been noticed for hearing within the time, and by action of the court or through no fault of the applicant it was continued and extended beyond the year. For here only three days remained of the year when the notice was given, and the time fixed upon by the bank in its notice of when the application would be made

was twenty-seven days after the expiration of the year, and the application and order were not actually made until more than two months beyond the statutory period had elapsed. At that time the court had no power to revive the judgment. (*Myers v. Kothman*, 29 Kas. 19; *Gruble v. Wood*, 27 id. 535; *Angell v. Martin*, 24 id. 334; *Scroggs v. Tutt*, 23 id. 189.)

The order of the district court will be reversed.

All the Justices concurring.