GEORGE W. NEWTON v. JAMES ARTHUR AND CATHARINE A. ARTHUR.

No. 318.

REVIVOR—*Dormant Judgment.* Where a judgment creditor files a motion to revive a dormant judgment and serves notice as required by law, fixing a time for the hearing, but fails to secure an order of revivor until more than one year has elapsed since the judgment became dormant, it is not error to refuse said motion.

Error from Mitchell district court; CYRUS HEREN, judge. Opinion filed November 16, 1898. Affirmed.

*Clark A. Smith*, for plaintiff in error.
*F. T. Burnham*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : On April 1, 1880, the plaintiff in error recovered a judgment against the defendants in error in the district court of Mitchell county.   Executions were issued thereon, the last of which was of date October 1, 1890.   Said judgment became dormant on October 1, 1895.   On May 1, 1896, the plaintiff filed in said court a motion to revive, notice of which was duly served on the defendants and the time of hearing fixed for "September 28, 1896, at nine o'clock A. M. of said day, or as soon thereafter as counsel can be heard."   This motion was not heard and acted on by the court until the 28th day of January, 1897, when it was overruled for the apparent reason that the time had elapsed in which the court had jurisdiction to revive.   This ruling is brought to this court for review.

It is contended by the plaintiff in error that the time set for the hearing of the motion was within the time allowed by law in which a revivor can be made, that the court arbitrarily refused to set it for hearing at an earlier time, and that the hearing was adjourned by the consent of both parties and the question of time waived. We doubt if the court would have had jurisdiction to revive the judgment without the consent of the defendants after it had been dormant more that one year, even if the hearing had been set for such time at defendants' request, but as this question is not raised or discussed by either party and its decision is not necessary to the disposition of this case we shall not consider it.

Under the uniform decisions of the supreme court.

Newton v. Arthur.

and of this court, a general finding of the trial court in favor of a party will be considered by a reviewing court as a special finding of every fact supported by sufficient evidence necessary to sustain the general finding ; and while the evidence in this matter was contradictory as to what actually took place in court, the judge had the right to find either way, and particularly as he must have had some independent recollection of his own.   In this case it is not necessary to consider the question as to what remedy the plaintiff would have had if he had done all he could to get his motion heard and the court had arbitrarily refused to hear it until the time in which it could be sustained had passed.   All that we are required to decide is that where a judgment becomes dormant, and the plaintiff files his motion to revive and serves notice of the time and place of the hearing thereof, all within the proper time, but neglects to call said motion up and secure an order thereon until after one year has elapsed, the judgment cannot then be revived without the consent of the opposing party.

The judgment is affirmed.