REAVES & CO. v. J. A. LONG & BROTHER.

No. 12,404.    (66 Pac. 1080.)

SYLLABUS BY THE COURT.

JUDGMENT — *Revivor.* A judgment can only be revived without the consent of the judgment debtor when the order of revivor is made within a year after the judgment becomes dormant, and when it has been dormant for more than a year there is no power in the judge or court to revive it, although a proceeding to revive was begun before the year of dormancy had expired.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed December 7, 1901. Division one. Affirmed.

*E. B. Morgan,* for plaintiffs in error.

*M. E. Williams,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The result of this proceeding depends on the authority of the court to make an order reviving a judgment without the consent of the judgment debtor more than a year after it had become

dormant.   The judgment in question was obtained
before a justice of the peace November 26, 1892, and
on it an execution was issued and returned on Novem-
ber 28, 1892.   No other steps toward its enforcement,
or to keep it alive, were taken, and it became dormant
on November 28, 1897.    A proceeding to revive the
judgment was begun before a justice of the peace on
November 10, 1898, and, there being some delay about
providing security for costs, a bond for costs was
not given until November 30, 1898, and the order and
decision reviving the judgment were not made until
December 16, 1898.    Upon an appeal to the district
court, it was ruled that the order of revivor had not
been made within the statutory time and the proceed-
ing was, therefore, dismissed.

A dormant judgment may be revived in the same
manner as is prescribed for reviving actions before
judgment, and neither can be revived without consent
unless the order of revivor is made within one year
after it could have been first made.    (Civil Code,
§§ 433–440 ; Gen. Stat. 1901, §§ 4883–4890.)   Proceed-
ings to revive an action and a judgment are substan-
tially the same, and it is competent for a justice of
the peace to revive the judgment rendered before him
which had become dormant.   (*Israel v. Nichols, Shep-
ard & Co.*, 37 Kan. 68, 14 Pac. 438.)

As revivor is purely statutory in its origin, it can be
accomplished only in the mode and on the conditions
prescribed by the statute.   As will be seen, the statute
explicitly provides that an order of revivor shall not
be made without consent, unless within one year from
the time it could have been first made.   This is not a
limitation upon the commencement of proceedings,
nor upon the time within which to make application
for an order, but it is a limitation upon the granting

of the order itself.   In some of the cases this distinction has not always been noted, but where the matter of time was involved it has been held that the courts were without authority to revive actions or judgments more than one year after they have become dormant.

In *Scroggs v. Tutt*, 23 Kan. 181, it was held that a judgment could not be revived more than a year after dormancy except with consent, and that an order permitting revivor after the lapse of a year was error. In *Tefft v. The Citizens' Bank*, 36 Kan. 457, 14 Pac. 783, an attempt was made to revive the judgment, which had been dormant for more than a year.   In that case the application to revive was filed before the expiration of the year, and it was held :

"The filing of the motion and the giving of the notice are not sufficient to bring the case within the limitation.   The point of limitation prescribed by the statute is the making of the order, and not the commencement of the proceedings to obtain the order. One year is given within which the judgment may be revived.   The procedure is simple and the facilities are ample to obtain the order, as it may be obtained upon motion, a notice of which is to be served upon the adverse party in the same manner as a summons is served, and returned within the same time, and the power to revive the judgment is conferred upon the judge at chambers, as well as upon the court in term time."

The interpretation of the code provisions as to revivor and the distinction between the limitation of the right to revive and the ordinary limitations on the commencement of actions was pointed out in *Berkley v. Tootle*, 62 Kan. 701, 64 Pac. 620.   It was there held :

"In the matter of a revivor there is no right to an order, nor is there power within the court or judge to make one, unless it is made within one year after

Reaves v. Long.

it could have been first made.  The limitation in section 23 refers to the commencement of actions, and fixes the time within which a party must judicially assert his claim, while the limitation on revivor relates to the power of the court and fixes a limit for the final determination of the matter and the granting of an order.  The first is a limitation on the remedy, while the second operates as a condition on the right itself, and, if a party fails to bring himself within the condition, the right to a revivor does not exist and there is no power in the court to revive the dormant judgment.''

It is suggested that a limit on the time of making the order rather than on the time of making the application for it gives an opportunity to the opposing party, by dilatory tactics, to delay the hearing of an application begun in good time beyond the year, and thus defeat a revivor.  All limitations are necessarily arbitrary, but parties reasonably diligent may safely trust the courts to protect their rights as against such tactics.  If formal proceedings to revive, brought in the form of an ordinary action, are likely to be protracted beyond the year, or if the regular term of court is fixed beyond that period, a party may resort to the more summary and speedy method authorized by the code.  It may be obtained upon motion before a judge at chambers, and, hence, there is little danger that a diligent party will be unable to protect his rights or to obtain an order within the year within which seasonable application has been made.

The judgment in controversy having been dormant more than a year before the order of revivor was made, the district court ruled correctly that the order was a nullity, and, therefore, its judgment will be affirmed.

DOSTER, C. J., SMITH, ELLIS, JJ., concurring.