T. E. NEAL v. HENRY LEBRETON AND MARY J. LEBRETON.

(Filed September 3, 1904.)

1. **DORMANT JUDGMENT—Revived.** A dormant judgment can not be revived, without the consent of the defendant, unless such revivor is applied for within one year after the same has become dormant.

2. **SAME.** A dormant judgment can only be revived by an order of the court, or by a judge thereof as provided by article 19, chapter 66, Wilson's Statutes 1903.

(Syllabus by the Court.)

*Error from the Probate Court of Canadian County; before J. I. Phelps, Trial Judge.*

*A. M. Baldwin,* for plaintiff in error.

*Jos. G. Lowe* and *J. W. Clark,* for defendants in error.

STATEMENT OF FACTS.

The record in this case shows that on the 23rd day of September, 1895, the plaintiff in error, T. E. Neal obtained

judgment against defendants in error in the probate court of Canadian county, for the sum of one thousand dollars ($1,000) with interest and costs; and on the 24th day of September, 1900, said judgment became dormant. On the 27th day of December, 1902, plaintiff filed in said probate court a motion to revive said judgment, alleging that said judgment had become dormant, and that the defendants were absent from the Territory from sometime in 1895 until 1899, and that no part of the judgment had been paid. On the 12th day of January, 1902, defendants filed a motion to dismiss the motion of plaintiff to revive, for the reason that more than one year had expired since the order of revivor could and should have been made. On the 22nd day of January, 1903, before the motion to dismiss was passed upon, the plaintiff with leave of the court, filed an amended motion to revive, which is identical with the original motion, with the exception of the allegation that said original judgment was rendered on a promissory note given in consideration for moneys advanced to the defendants, and said judgment and note had been acknowledged in writing by the said defendant, Henry LeBreton, acting for himself and as agent for his co-defendant, by a certain letter to the plaintiff, T. E. Neal, under date of September 30th, 1902, which letter is as follows:

"El Reno, Oklahoma, 9—30, 1902.

"Mr. T. E. Neal,

"Caldwell, Kansas.

"You will be surprised to hear from me, no doubt, but I am getting old, and that old note that I owe you has bothered me a great deal, and I have never been able to pay you back, but now I have some property and very little money, if you will write and let me know the very

best you will settle it for, I will try and settle it in some way.

> "Yours respectfully,
> "HENRY LEBRETON."

On the 27th day of January, 1903, the defendants renewed and refiled their motion to dismiss. On the 27th day of January, 1903, the motion of the defendants to dismiss was by the court heard and overruled, and on the same day the defendants filed an answer, in which they allege "That plaintiff's motion should be denied for the reason that plaintiff has not sought to revive said judgment within the time prescribed by the Statutes of Oklahoma." Thereafter and on the same day plaintiff filed a motion for judgment on the pleadings for the reasons:

"First: Because the answer of the defendants admits every allegation made in plaintiff's motion.

"Second: Because the answer does not plead the 'Statute of Limitations' nor any defense to plaintiff's motion.

"Third: Because all allegations concerning the execution of a written instrument 'shall be taken as true unless denied under oath,' and the answer of the defendant does not deny the 'letter' at all, much less is there a 'denial under oath.'

"Fourth: That the allegation of agency not being denied at all and especially not denied under oath 'shall be taken as true.' "

On the 29th day of January, 1903, the probate court after hearing the motion of plaintiff for judgment on the pleadings overruled the same, and plaintiff electing to stand on his motion, judgment was rendered against plaintiff for costs, to which ruling and judgment the plaintiff excepted, and brings the case here by petition in error and case made for review.

Opinion of the court by

BEAUCHAMP, J.: The judgment in this case became dormant more than two years before the plaintiff filed his motion to revive.

"If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment." (Wilson's Statutes, sec. 4630.)

"The revivor shall be by an order of the court, if made in term, or by a judge thereof, if in vacation. * * * *" (Wilson's Statutes, sec. 4616.)

"The order may be made on the motion of the adverse party. * * *" (Wilson's Statutes, sec. 4617.)

"If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice of the application for such order shall be served in the same manner and returned at the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made." (Wilson's Statutes, sec. 4618.)

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, in one year from the time it could have been first made." (Section 4623.)

Under the laws of this Territory, a party may, by causing execution to issue every five years, keep a judgment alive indefinitely, and without execution it remains in force for five years. The plaintiff may revive it at any time within one year thereafter by proper proceedings, so that the plaintiff may permit his judgment to stand without execution for six years lacking one day, and then by proper proceedings put it in force for five years more, but if he permits his judgment to become dormant, and to so remain for more

than one year, then it is his own fault, and he has no right to complain. The statutes authorizing these proceedings are a part of the code of civil procedure adopted by this Territory from the State of Kansas. The supreme court of Kansas before the adoption of the code by this Territory, had occasion to construe the statute upon this identical question. In the case of *Angell v. Martin*, 24 Kan. 334, it is held, quoting from the syllabus:

"A dormant judgment cannot be revived without the consent of the defendant, unless such revivor is applied for within one year after the same has become dormant."

See also case of *Tefft v. Citizens Bank*, 36 Kan. 457.

Plaintiff in error argues that the fact that the defendants in error were absent from the Territory for a period of time, rendered the statute inoperative during the time of such absence fom the Territory, and directs our attention to section 3893 of the Statutes of Oklahoma, 1893. The statute referred to has no application to proceedings to revive a dormant judgment, but only as to the time of commencing civil actions. By reference to section 4619, Wilson's Statutes, being the section authorizing proceedings for reviving actions and judgments, it is provided that in case the detendant is a non-resident of the Territory, by filing an affidavit to that effect service of the notice may be made by publication, so that if the defendants in this case were non-residents of the Territory during the period in which plaintiff might have filed his motion to revive the judgment, it would be no excuse for his failure to file it within the time limited, for if he could not have obtained personal service, he could have obtained service by publication. In this case, as disclosed by the record, the defendants returned

to the Territory in 1899; at least it is alleged that they were absent from the Territory only from some time in 1895 until some time in the year 1899, so that we may presume that they were residents of the Territory in 1900, at the time that the judgment in this case became dormant, and that personal service could have been obtained. However, that fact is not material.

Plaintiff in error further contends that the "letter written by the defendant in error, Henry LeBreton, to the plaintiff in error concerning said indebtedness in itself revives the judgment," the letter being the letter hereinbefore quoted. Conceding for the purposes of this case that the letter referred particularly to the judgment in question, a judgment cannot be revived in that manner. It can only be revived by an order of the court, and in the manner provided by the statutes before referred to. This is not an action to recover judgment, but to revive a judgment that had been recovered, and permitted to become dormant.

As provided by the statutes of this Territory, the revivor must be applied for within the time limited, unless by consent of the defendant, and the pleadings filed by the defendants in this case clearly show that they were not consenting to the order of revivor.

As our views upon the question discussed necessarily dispose of this case, it will not be necessary to notice the other questions raised.

The judgment of the probate court of Canadian county is affirmed, with costs against plaintiff in error.

All the Justices concurring.