## SNEARY v. NICHOLS & SHEPARD CO.

No. 8895—Opinion Filed June 4, 1918.

(173 Pac. 366.)

1. **Judgment—Dormant Judgment — Revivor—Time.**

A judgment becomes dormant within five years from the last issue of execution thereon, and five years having elapsed since the last execution was so issued in the instant case, such judgment may be revived at any time within one year after such judgment became dormant.

2. **Judgment — Jurisdiction of Court—Expunging Entry of Satisfaction.**

Where satisfaction of a judgment is shown to the court to have been entered without authority, the court has authority, upon moton, to expunge such satisfaction from the record.

(Syllabus by Collier, C.)

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Motion by the Nichols & Shepard Company against S. J. Sneary for an order that the entry of satisfaction of a judgment be set aside and expunged from the judgment docket and that the judgment be revived and that plaintiff have execution thereon. Demurrer to motion overruled, judgment for plaintiff, and defendant brings error. Affirmed.

W. E. Wiles, Ira A. Hill, and W. L. Owen, for plaintiff in error.

C. E. Freeman, for defendant in error.

Opinion by COLLIER, C. This is a motion on the part of the defendant in error, hereinafter styled plaintiff, filed on the 24th day of April, 1916, against the plaintiff in error, hereinafter styled defendant, which said motion, omitting the caption, is as follows:

"Now comes the above-named plaintiff and alleges that of the judgment in favor of the plaintiff and against the above-named defendant on the 14th day of November, 1910, in and for the sum of seven hundred and forty-nine and 4-100 ($749.04), dollars, and for seven and 90-100 ($7.90) dollars as costs, no part thereof has ever been paid, except the sum of two hundred ($200.00) dollars paid on the 8th day of April, 1911, as the gross proceeds of a sale of chattels under an order of sale made in accordance with a judgment of foreclosure in the above-entitled cause, which sum, after having been applied to the payment of the said costs and to additional costs and to the interest then accrued on said judgment at the rate of 6 per cent. per annum, left a balance of five hundred and eighty-five ($585.00) dollars then due upon said judgment. Plaintiff further alleges that on the 7th day of February, 1911, a general execution was issued upon said judgment, which execution was returned wholly unsatisfied, and that no executions have ever since been levied upon said judgment, and that said judgment is now dormant. Plaintiff further alleges that what appears to be an entry of satisfaction of said judgment appearing upon the regular judgment docket of this, the said district court, on page 238 of said docket, and appearing to have been entered under date of April 10, 1911, was so entered through a mistake of the then clerk of this court.

"Wherefore, plaintiff hereby makes application to this, the said district court, and moves for an order that the entry of satisfaction of such judgment heretofore mentioned be set aside and expunged from the judgment docket of this court, in order that such judgment may no longer appear satisfied upon the records of this court. Plaintiff further makes application to this, the said district court, and moves for an order that said judgment may be and stand revived in favor of said plaintiff and against said defendant in and for the sum of five hundred and eighty-five ($585.00) dollars, and that plaintiff may have execution thereon for said sum, together with 6 per cent. interest thereon from the 8th day of April, 1911, and for costs of this proceeding."

The defendant demurred to the motion upon the ground that said motion upon its face wholly fails to allege facts sufficient to state a cause of action or entitle the plaintiff to the relief prayed for in said motion or for any other relief: second, that said motion upon its face shows that the relief prayed for is barred by the statute of limitations of the state of Oklahoma; third, that said motion attempts to join and state a motion to set aside a satisfaction of judgment together with a motion to revive a judgment. Which demurrer was overruled and excepted to. Thereafter the defendant filed objections to said motion, which, omitting caption, are as follows:

"Comes now S. J. Sneary, the defendant above named, and by leave of the court having been first obtained and granted, and files his objections to the motion of the plaintiff wherein the plaintiff seeks to set aside and vacate the satisfaction of judgment entered in this case on the 10th day of April, 1911, and to revive said judgment, for the following reasons, to wit:

"First. That the defendant denies both generally and specifically each and every matter, fact, and allegation alleged and set forth in said action.

"Second. That the statute of limitation has run against the setting aside or vacation of the said satisfaction so entered in said case on the 10th day of April, 1911, and the relief prayed for in said motion is therefor barred by the statute of limitation of the state of Oklahoma.

"Third. That the plaintiff is not entitled to have said satisfaction of said judgment so made as aforesaid on the 10th day of April, 1911, vacated or set aside, nor to the relief prayed for in said motion, for the reason that the said plaintiff has been guilty of laches in asking and moving for said vacation and setting aside of said satisfaction at this time; said satisfaction having been entered upon the records of this court on the 10th day of April, 1911, and the plaintiff having first moved or applied for on the 24th day of April, 1916, a period of five years and fourteen days since the entering of the satisfaction of said judgment. That it is now impossible to produce the witnesses in court and by whom the defendant could prove and establish the facts concerning the agreement, settlement, and satisfaction of said judgment and the entry of the same upon the records of this court. That the witnesses by whom said satisfaction of said judgment and the entry thereof are not available and cannot be produced upon the hearing of this motion because the names of some of the witnesses are forgotten by the defendant, and they have removed from the state of Oklahoma, and their presence whereabouts are unknown to the defendant at this time, so that he cannot have them present to testify in this matter or to secure their depositions; for the reasons above the plaintiff has been guilty of laches as to preclude it from now vacating and setting aside of said satisfaction of said judgment.

"Fourth. That the defendant denies that the said satisfaction of the judgment in this case and entered on the 10th day of April, 1911, was so entered of record by the mistake of the clerk of this court, or that said entry of satisfaction of said judgment was made at all by mistake of the parties thereto, the plaintiff and the defendant herein, but says that said entry of satisfaction of said judgment was made by the parties hereto in pursuance to a settlement of the judgment herein between the plaintiff and defendant, and in which settlement it was agreed that the plaintiff would take the property covered by the mortgage held by plaintiff and involved in this action in full settlement and discharge of the said judgment so obtained by the plaintiff. That the value of the property so taken by plaintiff was of the sum of $1,500; that plaintiff accepted said property from the defendant according to the terms of said agreement and settlement of said judgment, and has ever since said time retained said property and does so retain the same at this time. That in consideration of said settlement this defendant turned over to and permitted the plaintiff to take said property so covered by its mortgage and of the value of $1,500 without the necessity of putting the same through a legal sale of said property as would have been required under the terms of said mortgage and the laws of the state, and the said plaintiff so accepted the said property and has ever since retained the same without having had or made any legal sale of the same under said mortgage. That if the plaintiff be permitted to recover and have the relief prayed for in its said motion then the defendant avers and prays the court that the said plainiff be ordered and decreed to return to this defendant all of the property received by it under and by virtue of the terms of the settlement and satisfaction of the said judgment as heretofore set forth and alleged. Wherefore, defendant asks that the motion of the plaintiff be denied and for such other relief as to the court seem meet and just."

The court made the following finding of facts to which the defendant duly excepted:

"And the court, having heard all the evidence offered by both the plaintiff and defendant, and having examined the records of this court, finds from such evidence and records that a general execution was issued upon such judgment on the 7th day of February, 1911, which execution was returned wholly unsatisfied, and that said judgment became dormant on or about the 7th day of February, 1916, and that the application for such order of revivor was filed on the 24th day of April, 1916. And the court further finds that in the suit in which said judgment was rendered the plaintiff obtained a judgment and order of foreclosure foreclosing a certain chattel mortgage given to secure the notes upon which such judgment was rendered, and that on the 20th day of March, 1911, an order of sale was issued in accordance with such judgment of foreclosure, directing the sheriff of Alfalfa county, Okla., to sell the chattels described in such mortgage and directing that the proceeds of such sale be applied to the payment of said judgment. And the court further finds that the said sheriff did, in accordance with the commands of said order of sale, sell such chattels for the sum of two hundred ($200.00) dollars on the 8th day of April, 1911, and that on the 10th day of April,

1911, said sheriff did make due return of such order of sale to the office of the then clerk of this court, having stated in his return thereon that he had sold said chattels for the said sum of two hundred ($200.00) dollars. And the court further finds that the then clerk of this court ought to have then entered a credit of two hundred ($200.00) dollars upon said judgment, as the proceeds of such sale by said sheriff instead of having entered what appears to have been a full satisfaction of such judgment. And the court further finds that such entry of satisfaction of such judgment is incorrect, and that the plaintiff should not be bound thereby. And the defendant having failed to show any reason why such judgment should not be revived the court finds that the plaintiff is entitled to recover upon said judgment the sum of five hundred and eighty-five ($585.00) dollars as a balance due upon said judgment, together with interest thereon from the 10th day of April, 1911, at the rate of six per cent. per annum."

The court rendered judgment "that the judgment be revived, that the plaintiff may have execution thereon for said sum of $585, together with interest thereon at the rate of six per cent. per annum from said 10th day of April, 1911, and for all costs accrued on behalf of the original action, and for all costs of this proceeding," to which the defendant excepted. Timely motion was made for a new trial, which was overruled, excepted to, and an appeal perfected to this court.

All of the errors assigned, including the demurrer to the motion, not argued, will be held as abandoned, and therefore we will only review the errors argued which are as follows:

"First. The evidence is wholy insufficient to show that the satisfaction of the judgment in this matter was made by mistake of the clerk of the Alfalfa county district court.

"Second. The defendant in error is barred by statute of limitations as provided in section 5274, Rev. Laws 1910, because the proceeding is had under the third subdivision of section 5267, Rev. Laws 1910, for the correction of a mistake of the clerk of the Alfalfa county district court, and which proceeding must be begun within three years after the alleged mistake."

Section 5267, Revised Laws 1910, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which said judgment or order was made."

Section 5274, Revised Laws 1910, provides:

"Proceedings to vacate or modify a judg-

ment, or order, * * * for the causes mentioned in subdivisions three. and six of section 5267, shall be within three years."

Subdivision 3 of said section 5267 is as follows:

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

It is earnestly insisted by the defendant in brief and oral argument that said section 5267 and 5274 are controlling in the instant case, and that the motion is barred by said section, but as the motion was not to vacate or modify a judgment for the mistake, neglect, or omission of the clerk, or irregularity in obtaining the judgment, the motion being to revive the judgment, and the regularity of the judgment not being attacked, said sections do not apply to the motion under consideration.

Section 5300, Revised Laws 1910, provides:

"If a judgment becomes dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

Section 5293, Revised Laws 1910, provides one year after a judgment becomes dormant for its revival.

In T. E. Neal v. Henry Le Breton and Mary J. Le Breton, 14 Okla. 538, 78 Pac. 376, it is held:

"A dormant judgment cannot be revived, without the consent of the defendant, unless such revivor is applied for within one year after the same has become dormant."

In the body of the opinion it is said:

"The plaintiff may revive it at any time within one year thereafter by proper proceedings, so that the plaintiff may permit his judgment to stand without execution for six years lacking one day, and then by proper proceedings put it in force for five years more, but if he permits his judgment to become dormant, and to so remain for more than one year, then it is his own fault, and he has no right to complain." Taf v. Citizens' Bank, 36 Kan. 457, 13 Pac. 783.

The facts found by the court being fully sustained by the evidence, and the record of the court disclosing that execution issued on the judgment in question on the 7th day of February, 1911, and that the motion to revive the judgment was filed on April 24 1916, it is conclusively shown that the motion to revive was filed within one year after the judgment became dormant, and therefore such motion was not barred by the statute of limitations. and the court did not err in rendering the judgment rendered.

Finding no reversible error in the judgment appealed from, the judgment is affirmed.

By the Court: It is so ordered.