## SANDITEN v. LINN.

No. 10043—Opinion Filed January 25, 1921.

Rehearing Denied March 22, 1921.

(Syllabus.)

**Appeal and Error—Dormant Judgment—Failure to Revive—Dismissal.**

(a) Where a judgment has not been revived within one year from the time it could have been revived, it becomes dormant.

(b) A dormant judgment cannot be revived without the consent of defendant, unless applied for within one year after it becomes dormant.

(c) Where a revivor has not been applied for within one year from the time it could have first been applied for, and the party against whom it is rendered does not consent to revivor after expiration of the statutory period, the judgment abates and the appeal should be dismissed.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Action between G. S. Linn and M. Sanditen. Judgment for the former, and the latter brings error. Dismissed.

M. A. Dennis, for plaintiff in error.
C. F. Chapman, for defendant in error.

HARRISON, C. J. G. S. Linn recovered a judgment against M. Sanditen in the superior court of Okmulgee county, in February, 1918. On July 24, 1918, Sanditen, plaintiff in error, filed his appeal from such judgment in this court. On October 26, 1920, plaintiff in error filed his brief, and on December 7, 1920, defendant in error filed his brief. On December 16, 1920, plaintiff in error, Sanditen, filed motion to dismiss appeal, showing that defendant in error, Linn, had died pending said appeal and had been dead more than two years since the perfecting of this appeal, and that the cause had not been revived within one year from the death of defendant in error, who had recovered the judgment below, nor had application therefor been made until after one year from the time an order of revivor could have first been made.

Section 5293, Rev. Laws 1910, provides:

"An order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives (or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

This section has been construed in Neal v. LeBreton, 14 Okla. 538, 78 Pac. 376, following 24 Kan. 334; the section of the Kansas statute being identical with ours.

Section 5295, Rev. Laws 1910, reads:

"When it appears to the court, by affidavit, that either party to an action has been dead for a period so long that the action cannot be revived in the names of his representatives or successors without the consent of both parties, or, when a party sues or is sued as a personal representative, that his powers have ceased, the court shall order the action to be dismissed at the costs of the plaintiff."

The cause not having been revived within one year from the time it could first have been revived, the judgment became dormant and, it appearing that plaintiff in error does not consent to the revivor after the expiration of the one year from the date it became dormant, it cannot now be revived without such consent.

"A dormant judgment cannot be revived without the consent of defendant, unless such revivor is applied for within one year after the same becomes dormant." Neal v. LeBreton, supra.

Also see Atchison, T. & S. F. R. Co. v. Fenton, 32 Okla. 614, 123 Pac. 169.

The judgment not having been revived within the period allowed by statute, and the party against whom it was obtained not having consented to revive after the expiration of the statutory period, the judgment abates and the appeal should be dismissed. Atchison, T. & S. F. R. Co. v. Fenton, 54 Okla. 240, 153 Pac. 1130.

The motion to dismiss is sustained, the cause dismissed at movant's cost, and the judgment held to have abated.

KANE, JOHNSON, MILLER, and KENNAMER, JJ., concur.