## EDWARD THOMPSON CO. v. BRISTOW.

No. 16436—Opinion Filed March 2, 1926.

1. **Judgment — Revivor of Dormant Judgment—Time — Lack of Jurisdiction Because of Delay.**

Where a judgment plaintiff seeks to revive a dormant judgment, over the objection of the judgment debtor, and commences proceedings for revivor within a year next after the judgment becomes dormant by filing an application for revivor and giving notice to the judgment debtor, and the day for presenting the matter, as fixed in the notice, is beyond the expiration of a year after the judgment became dormant, the court is entirely wanting in power to revive the judgment on the day named in the notice, or at any subsequent date.

2. **Same—Judgment Sustained.**

The record supports the judgment, and requires that the judgment be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Caddo County; C. R. Johnston, Judge.

Action by Edward Thompson Company against M. Bristow. From the judgment, the plaintiff appeals. Affirmed.

Morris, Johnson & Wilhite, for plaintiff in error.

Morgan, Osmond & Morgan, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to herein as plaintiff and defendant, as they appeared in the court below.

The proceeding in the county court was to revive a dormant judgment. The judgment was procured by plaintiff against defendant in the county court of Caddo county on the 26th, day of November, 1917. An execution was issued against the defendant on the 5th day of February, 1919, and returned unsatisfied. On the 3rd day of February, 1925, the plaintiff filed in the case a motion to revive the judgment, and served notice on the defendant on the same day, fixing February 16, 1925, for hearing upon the motion. The defendant resisted the motion. The motion was denied, and the plaintiff appeals.

It seems to be agreed that there is but one question for decision. It is about as follows: Has the court authority, under the statutes, to enter an order reviving a dormant judgment, where more than a year has elapsed after the judgment became dormant, where the application was filed and the notice of the hearing given within the year, but fixing the time for hearing beyond the expiration of a year, where the proceeding to revive the judgment is resisted by the judgment debtor?

The judgment became dormant on the 5th day of February, 1924. The application to

revive was filed within a year next after the judgment became dormant, and the notice was given on the same day, fixing a date beyond the expiration of a year as the day for hearing the application.

The applicable statutes seem to be section 843, Comp. St. 1921, which provides:

"Revivor of Judgment. If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

And section 837, Comp. St. 1921, which, in part, provides:

"An order to revive an action * * * may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made. * * *"

It seems that the last phrase, "but shall not be made * * * after the expiration of one year from the time the order might have been first made," means, with reference to reviving dormant judgments, that a party seeking an order of revivor has a year after the judgment becomes dormant within which to have the order of revivor made. Section 695, Comp. St. 1921, provides, in effect, that a judgment shall become dormant when five years have elapsed from the date of issue of the last execution. It follows that on the expiration of five years from and after February 5, 1919, the date the execution was issued, the judgment here sought to be revived became dormant; and the judgment plaintiff had a year in which to procure an order reviving it. This is the plain import of the language of the statutes. The language used in section 837, supra, plainly means that the day fixed in the notice for presenting the application must fall within the year and not after the expiration of the year. If the time was so fixed in the notice, it seems that an order might be made after the expiration of a year, if the moving party was not responsible for it being passed beyond the year. The language used in section 837, supra, is very similar to the language used in section 256, Comp. St. 1921, with reference to opening a judgment where the service is by publication only. The one provides that the order shall not be made "after a year," and the other provides that the order must be made "within the time" designated. Under section 256, supra, both the Kansas court and our own court have held the notice must fix a time for hearing within the year or limitation fixed. Satterlee v. Grubb, 38 Kan. 234, 16 Pac. 475; Hill v. Persinger, 57 Okla. 663, 157 Pac. 744. The language is so similar in effect that it

seems a like rule should apply to the language of section 837, supra.

In Tefft v. Citizens Bank, 36 Kan. 457, 13 Pac. 783, the application for revivor was filed two days before the year expired, and notice given on the same day that the application would be presented 28 days after the year had elapsed. The order of revivor was held to be a nullity.

In Newton v. Arthur, 8 Kan. App. 358, 55 Pac. 466, a judgment creditor sought to revive a dormant judgment. The application was filed within a year, and notice was given of the hearing at a time within the year, but the application was not presented until the year had expired. The trial court denied the application, and the judgment was upheld on the ground that the judgment plaintiff had not been diligent in presenting the matter to the trial court and had let the year expire without getting the order of revivor.

In Reeves v. Long, 63 Kan. 700, 66 Pac. 1030, the Kansas court held squarely that the court has no power to revive a dormant judgment after more than a year has expired from the date the judgment became dormant.

In Steinbach v. Murphy, 70 Kan. 487, 78 Pac. 823, the Kansas court held that the limitation must be given a strict construction, and the party seeking the order of revivor must bring himself within the provisions of the statute to entitle him to the order.

Our revivor statutes were copied from the Kansas Code, and, at least, it must be said that the Kansas decisions are strongly persuasive. There seems to be no case directly in point from our own court.

The plaintiff cites Neal v. LeBreton, 14 Okla. 538, 78 Pac. 376; Kilgore v. Yarnell, 24 Okla. 525, 103 Pac. 698; Carrico v. Couch, 45 Okla. 672, 146 Pac. 447; Sneary v. Nichols & Shepard Co., 70 Okla. 133, 173 Pac. 366; and Sanditen v. Linn, 81 Okla. 42, 196 Pac. 136, and insists that these cases support the conclusion that if the proceedings to revive the judgment are commenced within a year after the judgment becomes dormant, the order of revivor may be made after more than a year has elapsed. As we read these cases they do not support such a contention.

In Neal v. LeBreton, supra, the judgment sought to be revived became dormant on the 24th day of September, 1900. The proceedings to revive it were commenced on the 27th day of September, 1902, long after the year had expired within which the order of revivor might have been obtained. The court held the order of revivor must be applied

for within the year. As we understand the controlling cases, the holding in the cited case is entirely accurate, when it is understood that the court was talking about when the application should be presented, rather than when the proceedings were commenced by filing the application. We think the holding of the court in the cited case does not at all mean that the application may be filed within the year and then presented, and an order made after more than a year has expired.

In Kilgore v. Yarnell, supra, the court had under examination an application for revivor of an action in the name of the legal representative of a deceased party. The learned ·Justice, who prepared the opinion, cited approvingly Mawhinney v. Doane, 40 Kan. 683, 20 Pac. 488, where it was held that the judgment cannot be revived after the expiration of one year from the death of the judgment creditor, without the consent of the judgment debtor; and held that the same rule applied to a pending action not reduced to a judgment. There seems to be no intimation in the opinion that the court intended to say or hold that where the proceedings were begun within a year, the matter might be passed—continued over —and an order of revivor made after the expiration of the year, where the revivor is resisted. No such question was before the court in that case.

In Carrico v. Couch, supra, it is simply held that where the application for revivor was properly made within the time allowed, and because of the court's own delay the order of revivor was not made until a year had expired, the order of revivor would be made nunc pro tunc as of the date the motion was made.

In Sneary v. Nichols & Shepard Co., supra, the court held that a dormant judgment may be revived at any time within a year after it became dormant. In the cited case the judgment became dormant on the 7th of February, 1916, and the proceedings to revive were begun on the 24th of April, 1916. The rule laid down in the case seems to be entirely in keeping with the rule announced in the Kansas cases cited above.

In Sanditen v. Linn, supra, the application to revive was not made until more than the year, within which the revivor might have been had, had expired. It is true the court said the revivor could not be had unless applied for within the year allowed for a revivor, but the court also said in the opinion:

"The judgment, not ·having been **revived**

within the period allowed by the statute, * * * the judgment abates."

The cases relied upon by the plaintiff are not in conflict with the rule laid down in the Kansas cases, when considered in the light of the facts under consideration by the court. There is only a seeming conflict, with none actually existing. It seems plain that in none of the cases above cited from Kansas, or from our own court, was it intended to be said that a party seeking to revive a dormant judgment might commence the proceeding within a year, fixing the time to present the matter after more than a year had elapsed, and thereby procure a valid order of revivor. The cases all seem to be either directly or inferentially the other way.

In the instant case the judgment plaintiff commenced the proceedings to · revive the judgment two or three days before the close of the year within which the judgment might have been revived, and in the notice served upon the judgment debtor, the day was fixed for presentation of the matter to the trial court, beyond the close of the year within which the revivor might be had. The trial court denied the application to revive the judgment. Under the statutes and upon authority of the decided cases, we have no hesitancy whatever in saying that the trial court was entirely wanting in power to revive the judgment on the day fixed in the notice, or on any day subsequent thereto, since the judgment debtor resisted the proceeding to revive the judgment.

The order denying the application to revive the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 666 §1023. (2) 4 C. J. 1129 §3122.