YOUTS v. TRI-STATE SUPPLY CO.

No. 32495. Nov. 8, 1949.

Rehearing Denied Nov. 29, 1949.

*211 P. 2d 1017.*

John Barry, of Oklahoma City, and J. W. Tyree, of Lawton, for plaintiff in error.

J. G. Clift, of Duncan, for defendant in error.

DAVISON, C.J. On May 26, 1939, a money judgment was rendered in favor of the Tri-State Supply Company, a corporation, as plaintiff, against George Youts, as defendant, in the district court of Stephens county, Oklahoma. No execution was issued on said judgment and same became dormant on May 26, 1944. On July 14, 1944, plaintiff filed a motion to revive said judgment. Thereafter a notice was served on the defendant notifying him that the hearing of the motion to revive the judgment would be heard on August 14, 1944. Thereafter, upon the application of the plaintiff, the hearing on said application was continued from time to time, and was finally set for hearing before the court, on the request of the defendant, on May 15, 1945, and was continued from May 15, 1945, on the request of the plaintiff. On the 5th day of July, 1945, the trial court heard the motion and took the matter under advisement until September 22, 1945, when the court, over the objection of the defendant, made an order reviving the judgment. Defendant has perfected this appeal to reverse that order, contending that it was beyond the power of the court to revive the judgment after six years had elapsed from the rendition thereof, without his consent.

We will continue to refer to the parties as they appeared in the trial court.

The consideration of three sections of the statute, namely, 12 O.S. 1941, §§ 1078, 1071, and 1072, is necessary for a determination of this appeal.

By 12 O. S. 1941 §1078, a dormant judgment may be revived in the same manner as is prescribed for reviving actions before judgment.

12 O.S. 1941 §1071 relates to the revivor of actions, and reads:

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made, except as otherwise provided by law."

Section 1072, title 12, O. S. 1941, provides that where the death of a party is not known or for other unavoidable reasons, the court may permit the revivor within a reasonable time thereafter.

The defendant argues that under the facts in the present case the trial court was without power to revive the dormant judgment after the expiration of the one year period.

The plaintiff reasons that the defendant, under the record, should be estopped to set up the limitations. Plaintiff further submits that since the motion to revive was timely filed and the hearing on the motion set within the year, that the court exercised jurisdiction in the matter and had the right to continue the cause and power to make the order of revivor after the one year period had elapsed. Relying on the case of Carrico v. Couch, 45 Okla. 672, 146 P. 447, plaintiff further states that section 1072, supra, is applicable and controlling.

The order of revivor contained an agreed statement of fact, which, in part, reads as follows:

"That said notice of application for revivor stated that the same would be heard on the 14th day of August, 1944; that thereafter, upon the application of the plaintiff, the hearing on said application was continued from time to time, and was finally set for hearing before the court, on request of the defendant, George Youts, on May 15, 1945, and was continued from May 15, on the request of the attorney for the plaintiff for the purpose of taking depositions."

The question to be decided is: Has the court authority, under the statute, to enter an order reviving a judgment, where more than a year has elapsed after the judgment became dormant, where the motion to revive was filed and the motion set for hearing within the year, but by reason of a continuance granted upon the request of the moving party, the order of revivor was made after the expiration of the year, over the objections of the judgment debtor?

Our revivor statutes, supra, were adopted from the Kansas Code, and while the Kansas decisions are not entirely controlling, they are highly persuasive.

A number of the Kansas cases were discussed and analyzed in the case of Thompson Co. v. Bristow, 116 Okla. 243, 244 P. 429, and the Kansas cases were followed. The Kansas decisions set forth in said opinion were all to the effect that the limitation must be given a strict construction, and reached the conclusion that the court has no power to revive a dormant judgment after more than a year had expired from the date the judgment became dormant. Some of the Kansas cases involved a factual situation where the application for revivor was filed within the year but the motion was not set for hearing until after the expiration of the year. The case of Newton v. Arthur et al., 8 Kan. App. 358, 55 P. 466, however, was decided upon a factual situation very similar to facts in the present case. In that case the motion was filed within the year, and notice was given of the hearing at a time within the year, but the motion was not heard until after the

expiration of the year. The court denied the application and the judgment was affirmed on the ground that the plaintiff had not been diligent in presenting the matter to the trial court and had let the year expire without obtaining the order of revivor. This case was decided in 1898 and has never been overruled. The contentions of the plaintiff in that case are very similar to the contentions made in the case at bar.

The plaintiff cites and relies on Sanditen v. Linn, 81 Okla. 42, 196 P. 136; Sneary v. Nichols & Shepard Co., 70 Okla. 133, 173 P. 366; Neal v. Le Breton, 14 Okla. 538, 78 P. 376; Wilson v. McCornack, 10 Okla. 180, 61 P. 1068, and Carrico v. Couch, supra.

None of the above-cited cases hold, by intimation or otherwise, that where the proceedings were begun within the year, the matter might be passed—continued over—and an order of revivor made, after the expiration of one year, where the revivor is resisted. The case of Carrico v. Couch, supra, is the strongest case cited to support plaintiff's contention. There the application for revivor was properly made within the year, and because of the court's own delay the order of revivor was not made until after the year had expired. The court held that the order to revive should be made on the theory that no one should be permitted to suffer on account of the court's failure to act before the expiration of the year.

The foregoing holding in the case of Carrico v. Couch, supra, is an exception to the general rule. The general rule has been set forth in the third syllabus in the case of Bartlett Mortgage Co. v. Morrison et al., 183 Okla. 214, 81 P. 2d 318, which reads as follows:

"Section 590, O.S. 1931, 12 Okla. St. Ann. 1078, governs the revivor of dormant judgments, and it is both a limitation and a condition upon the right to revive; and, where an application for revivor is filed on the last day of the year after a judgment has become dormant and notice is given of a date for hearing the application after the expiration of the year, the court is wanting in power to revive the judgment unless the judgment debtor consents."

Under the facts of the case of Bartlett Mortgage Co. v. Morrison, supra, it was unnecessary to consider the exception to the general rule as pointed out in the case of Carrico v. Couch, supra.

We are of the opinion and hold that the case of Carrico v. Couch, supra, is not applicable to facts in the present case. In the latter case it was solely and entirely the fault of the court that the order of revivor was not made within the year. Here the court was not at fault and the failure to revive was the lack of diligence on the part of the plaintiff.

12 O. S. 1941 §1072 does not afford plaintiff any relief. Under the finding of the trial court that the plaintiff requested the last continuance, we are unable to say that there were any unavoidable reasons why the order of revivor could not have been made within the year.

The judgment is reversed and remanded, with directions to the trial court to set aside the order of revivor heretofore made, and to dismiss the motion to revive.

GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH, J., concurs in result. ARNOLD, V. C. J., and CORN and LUTTRELL, JJ., dissent.