The STATE of Oklahoma on Relation of the COMMISSIONERS OF THE LAND OFFICE of said State, Plaintiff in Error,

v.

Mrs. Bert LANDESS, Sp. Administratrix of the Estates of Henry W. Hilgenberg and Mary E. Hilgenberg, Deceased, Mrs. Lois Hilgenberg, Mrs. Phyllis Hilgenberg Dyer and Roy Conrad Hilgenberg, Defendants in Error.

No. 35962.

Supreme Court of Oklahoma.

May 10, 1955.

Rehearing Denied Feb. 21, 1956.

R. H. Dunn, A. M. deGraffenried, N. A. Gibson and Shell Bassett, Oklahoma City, for plaintiff in error.

Rutherford H. Brett, Oklahoma City, Donald Royse, Elk City, Leon S. Hirsh, Oklahoma City, for defendant in error.

Doerner, Rinehart & Stuart and Harry D. Moreland, Tulsa, for cross-appellants.

BLACKBIRD, Justice.

This appeal involves an action instituted in the district court as Cause No. 6144, by plaintiff in error, as plaintiff, against Henry W. and Mary E. Hilgenberg, husband and wife, as defendants, for judgment on a promissory note in the principal sum of $3,000, with interest thereon at the rate of five percent per annum until due, and ten percent per annum after maturity, and for foreclosure of a real estate mortgage on their 160-acre farm, executed and delivered by said defendants to plaintiff to secure payment of said note. Said plaintiff obtained a default judgment in that action for the relief above indicated on March 25, 1936.

By a statement introduced in the present litigation as defendants' Exhibit No. 36, it was revealed that on said date there was due, besides the principal of $3,000, interest on said note in the amount of $1,214.17, and attorneys fees in the amount of $300, making the Hilgenbergs' entire indebtedness due plaintiff, the total sum of $4,514.17. Notwithstanding this, the amount of the judgment specified in the journal entry thereof (that was not filed until almost a year later, or on February 8, 1937), was $5,134.84, exclusive of the $300 attorneys fee.

At some time during the latter part of 1936 or early part of 1937, the Hilgenbergs apparently entered into negotiations with the Commissioners of the Land Office in an effort to save the farm from foreclosure sale. The proof as to the exact terms of the agreement made in culmination of these negotiations is not clear, complete or unequivocal, but apparently it provided in substance that if the Hilgenbergs would, by payments to be made thereon, reduce their indebtedness to said Land Office Commissioners to a maximum of $5,000, then the latter would consider making them a new or renewal loan in that amount and release the judgment and cancel the original debt. Because of said agreement, or some other reason, plaintiff caused an Order of Sale, whose issuance it procured on March 17, 1937, to be returned not served, and no foreclosure sale was then held. Thereafter, Mr. Hilgenberg commenced his payments under the above-described arrangement on March 29, 1937. On May 16, 1938, the Land Office Commissioners approved Hilgenberg's application

for a renewal loan to the extent of only $3,000, instead of the $5,000 applied for. Notwithstanding this, another payment was made and accepted on the indebtedness prior to Mr. Hilgenberg's death on December 28, 1938, the total sum of which said payments, by that time, amounted to $440. After Mr. Hilgenberg's death, payments were continued under said agreement either by Mrs. Hilgenberg, his widow and co-obligor, or by his son, Ralph B. Hilgenberg, as administrator of said decedent's estate, or both, until January 14, 1943, on which date a total of $1,760 had been paid thereon. When by January 24, 1944, no further payments had been made on said indebtedness, plaintiff caused a new Order of Sale to be issued in the foreclosure action, and, under said order, the mortgaged farm was sold to the State of Oklahoma on February 12, 1944, on a bid of $5,800, no part of which was paid in cash, but apparently most of which was paid merely by cancelling the judgment indebtedness, which, with the inclusion of interest on the judgment at the penalty rate of ten percent from the date of the filing of the journal entry thereof, until the date of the issuance of the last Order of Sale, and with the aforesaid payments subtracted therefrom, amounted, according to plaintiff's records, to only $5,745.92.

Said sale was confirmed by order entered March 13, 1944, and Mrs. Hilgenberg died approximately two weeks later. Notwithstanding her death, it appears to be agreed (although the documents themselves are said to have been lost) that on May 2, 1944, petitions of intervention were filed both on her behalf and the tenant on the farm, and by the son, Ralph B. Hilgenberg, as administrator of his father's estate, seeking vacation of the order confirming the sale. While these petitions were still pending, and without any final disposition by court action having been made thereof, and while he was still administrator of his father's estate, Ralph B. Hilgenberg purchased the farm, less a reserved undivided one-half interest in the minerals thereunder, from plaintiff, acting on behalf of the State, at public sale on August 29, 1944, for the sum of $4,200. Thereafter, he was discharged as administrator of the estate on May 22, 1945.

Subsequently, one of the two 80-acre tracts comprising the farm, was conveyed to Ralph's brother, C. H. Hilgenberg, and the other 80 acres was conveyed to Orville and Lena Hilgenberg.

In July, 1950, Mrs. Bert Landess, a granddaughter of the deceased mortgagors and judgment debtors, Henry W. and Mary E. Hilgenberg, was appointed special administratrix of said decedents' estates. In that capacity she made an appearance, during August of that year, in the foreclosure proceedings, (Cause No. 6144, supra,) by filing therein what was termed Amendments to the Petitions in Intervention that had been filed, as aforesaid, more than six years previously on behalf of Ralph B. Hilgenberg and others. On the same date, she filed a Motion for Revivor, and, after a hearing thereon, the court, on December 4, 1951, sustained her said motion. She thereupon filed a motion to vacate the judgment of foreclosure, to set aside the sheriff's sale to the State, and to vacate the order of March 13, 1944, confirming said sale. Mrs. Lois Hilgenberg, surviving widow of Roy C. Hilgenberg, another son of the deceased mortgagors and judgment debtors, together with said couple's children, filed a similar motion. After a trial on these motions, the district court dismissed the latter motion of the Roy C. Hilgenberg heirs on the ground that they were not proper parties to prosecute the vacation proceedings. Said court also denied Mrs. Landess' motion to vacate the foreclosure judgment, but sustained her motion to set aside the foreclosure sale and the previous order confirming it.

The present appeal was lodged upon the filing of petitions in error on behalf of both the Commissioners of the Land Office, on relation of the State of Oklahoma, and the Roy C. Hilgenberg heirs, but the latter have joined in the brief of the defendant in error, Mrs. Bert Landess, special administratrix, and they therein assert that their petition in error was filed merely as a precaution against this Court's determining that the heirs, rather than the special administratrix of the estates of the deceased mortgagors, are the proper parties to exercise said mortgagors' right of redemption,

assuming, of course, that such right still exists. No question as to whether the special administratrix (as between said defendant in error and the cross-appellants) is the proper party to institute the vacation proceedings is raised herein by plaintiff in error. Consequently it would appear that if the judgment of the trial court is affirmed, no separate or special consideration of the Roy C. Hilgenberg family's position will be necessary or appropriate.

We will continue our previous reference to plaintiff in error as "plaintiff" and will hereinafter refer to Mrs. Landess, the special administratrix, as "intervener".

 Plaintiff contends under Proposition I of its brief that the one-year limitation period referred to in Tit. 12 O.S.1951 § 1072, applies to the revivor proceedings involved herein, and that the evidence failed to show any "unavoidable reasons" as required by said statute for the intervener's not seeking to revive the action until ten years and four years, respectively, after the deaths of Henry W. Hilgenberg and Mary E. Hilgenberg (defendants in the foreclosure action), in order to place the revivor within said exception to said limitation. Intervener contends, on the other hand, that said section applies to the revivor of an action solely where only the plaintiff has died, or where he and "the defendant shall also have died, * * *." She says the statutes applicable to cases where only one or more of the *defendants* has died (like the present one) are sections 1065 and 1066 of said Tit. 12, under which her motion for revivor of the foreclosure action was filed and properly sustained, when plaintiff, upon whom the statute places the burden of making such a showing, failed to show "sufficient cause * * * against the revivor * * *." If the one-year limitation period mentioned in said section 1072, supra, applies to the situation here, it must be measured, if at all, from the time the judgment of foreclosure became dormant. Edward Thompson Co. v. Bristow, 116 Okl. 243, 244 P. 429. Plaintiff contends, however, that said judgment never became dormant, even though more than five years elapsed between March 25, 1936 (when the judgment was entered) or March 17, 1937 (when the first and unexecuted order of sale was issued), and January 24, 1944, the date of the Order of Sale under which the same was sold. This contention is based principally on the theory that when said judgment was entered, under the opinions of this Court in Anderson v. Barr, 1936, 178 Okl. 508, 62 P.2d 1242, and Methvin v. American Savings & Loan Ass'n, 1944, 194 Okla. 288, 151 P.2d 370, and until those decisions were overruled in the opinion promulgated during the year 1950, in the case of North v. Haning, 204 Okl. 321, 229 P.2d 574, the five-year dormancy statute, Tit. 12 O.S.1951 § 735, did not apply to foreclosure judgments. If plaintiff's contention that the foreclosure judgment never became dormant is correct, it would appear that under the rule laid down in Edward Thompson Co. v. Bristow, supra, the one-year limitation referred to in Tit. 12 O.S. 1951 § 1072, if applicable, never accrued, and revivor of the action was never barred, at least not until the year 1952, or one year after the opinion in North v. Haning became final, which latter date was subsequent to both the filing of the intervener's motion for, and the trial court's order of, revivor. It will thus be seen that whether the theory of the plaintiff, or that of the intervener is upheld, the result is the same, namely that a revivor of the action was not barred. In view of this revelation, the issue joined by the parties' argument, when properly analyzed, presents no more than an academic or abstract question, which type of question this Court ordinarily will not decide. See Emrick v. State Highway Comm., 147 Okl. 252, 296 P. 412, and other cases cited in 2A, Oklahoma Digest, Appeal and Error, A rule long adhered to by this Court is that a correct decision arrived at on the basis of wrong reasons or an incorrect theory will not be reversed. Douglas v. Douglas, 176 Okl. 378, 56 P.2d 362. And, in view of the presumption of correctness which accompanies trial court judgments on appeal, it is not the duty of this Court to find some theory upon which to reverse them. Sequoyah Oil & Refining Co. v. Sunday, 101 Okl. 44, 223 P. 665. It is the duty of the appellant to show affirma-

tively that prejudicial error has been committed. Since close scrutiny and careful analysis of the argument as to plaintiff's Proposition I, reveals no such showing, and, under the rule of Edward Thompson Co. v. Bristow, supra, it amounts to nothing more than a difference with intervener upon theory, with no difference in the result reached (upon application of said rule), it is unnecessary, and would serve no useful purpose, as concerns the rights of the parties to this appeal, for us to determine which of these theories, if either, might be the correct one.

 Proposition II in plaintiff's brief in chief is as follows:

"The validity of the judgment in foreclosure being conceded by defendants in error and no defect in the sale proceedings being shown, the trial court erred in holding such sale proceedings invalid and setting aside the order of confirmation."

Our examination of the record and the brief of the intervener (or defendants in error) reveals no concession of the validity of the foreclosure judgment. In fact, it reveals quite the contrary, but this is not always or necessarily a material issue in reversing an order setting aside a foreclosure sale and its confirmation. This was clearly demonstrated in the case of State ex rel. Com'rs of Land Office v. Loughridge, Okl., 262 P.2d 162, in which the same plaintiff in error made a similar contention. We there followed the rule that in determining the propriety of confirming a real estate mortgage foreclosure sale, the trial court is not limited to determining the regularity of the sale proceedings but may "examine into equities of the parties associated with facts, circumstances and transactions not involved in the judgment." State ex rel. Com'rs of Land Office v. Schneider, 198 Okl. 697, 181 P.2d 975, 977. Here, plaintiff makes no contention that the original pleadings which prayed for vacation of the order of confirmation were not timely filed. Nor do we believe any one could successfully contend that it acted properly or with propriety in purporting to sell the land involved to Ralph B. Hilgenberg, as an individual, while one of such pleadings filed on his

behalf, presumably as the representative of the estate of one of the mortgagors, was still pending and undetermined. Accordingly, and consistent with the views expressed in the above-cited cases, we conclude that the contentions made by plaintiff under its Proposition II, like those under its first and only other proposition, present no valid ground for reversal.

The judgment of the trial court is therefore affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON and JACKSON, JJ., concur.

WELCH and HALLEY, JJ., dissent.